STATE OF FLORIDA, ex rel. NATIONAL DISCOUNT CORPORATION, a corporation, *Relator*, vs. S. E. LIVINGSTON, as Mayor, and E. C. CHRONISTER, et al., as Members of and composing the Common Council of the City of Homestead, a municipal corporation, *Respondents.*

139 So. 364.

Division B.

Opinion filed December 11, 1931.

842

*Ernest E. Roberts,* of Miami, and *J. V. Walton,* of Palatka, for Relator;

*Roberts & Nelson,* of Homestead, and *E. P. Roberts,* of Miami, for Respondents.

DAVIS, J.—In this case there was an alternative writ of mandamus directed to the Mayor and members of the Common Council of the City of Homestead, a municipal corporation, to require them as the governmental authority of said city to pay over to National Discount Corporation, the relator, so much or such part of a special fund alleged to be in the City Treasury as had been collected from special taxes and special assessments to pay the interest installments on certain bonds issued by the city under Chapter 11520, Acts of 1925, Extra Session.

The respondents' return is that the city has on hand in its special fund known as the Interest and Sinking Fund the sum of $4308.72, which has been collected by it from special taxes and special assessments imposed with respect to the bonds issued by the city of the class held by relator.

In the alternative writ the relator set up that on or about the 1st day of July, 1927, the said City of Homestead, being thereunto duly authorized and empowered by Chapter 11520, Laws of Florida, Extra Session, issued, sold and delivered certain municipal bonds, each designated, "City of Homestead Improvement Bond", in the name and under the seal of said city, bearing date of July 1, 1927, and each in the principal sum of $1,000.00; that attached to each bond were certain coupons evidencing semiannual amounts of interest to accrue on account of each of said bonds to which said coupons might be attached; that the relator having acquired and become the holder of certain of said bonds, the interest on which had afterwards defaulted, on the 23rd day of April, '31, instituted its action at law against the city in the Civil Court of Record for Dade County for the collection and enforcement of the past due coupons held by it; that in said action relator had recovered judgment in the sum of $4339.00 damages and $24.30 costs, as shown by a certified copy of said judgment attached to and made a part of the alternative writ, and that said judgment was still unpaid; that

on June 29, 1931, execution was duly issued thereon and placed in the hands of the Sheriff of Dade County, Florida, where it remained unsatisfied.

The alternative writ also alleges that by the Act under which the bonds were authorized and issued the city was authorized and required annually to levy a special tax sufficient to pay the interest and principal of the bonds at the several dates of maturity of said interest install-ments and of said bonds; that the proceeds of said taxes, when collected, were required to be paid into a special fund which was to be used for no other purpose than the payment of the principal and interest of such bonds; that at the time of the granting of the alternative writ there was more than $4,000.00 in said special fund for the pay-ment of interest and principal of the bonds upon whose coupons the relator had recovered judgment; and under the law the funds in hand should be applied to the pay-ment and satisfaction of relator's said judgment to the amount thereof, or to such amount as said fund would reach; that although demand had been made therefor, the respondents and each of them, as the governmental author-ity of said city of Homestead, refused to pay out to relator and on account of relator's said coupons and judgment predicated thereon the amount of said judgment, or any part thereof, out of said special fund provided by law and collected by said city for such purpose.

Relator moves for a peremptory writ, the record show-ing that there is in the City Treasury the sum of $4308.72 in the special interest and sinking fund account which is applicable upon the indebtedness due for interest coupons and bonds of the issue held by the relator.

A proceeding by mandamus to enforce the payment of a judgment of the kind here involved rendered against a municipal corporation on its unpaid bonds and coupons, as to which a special tax levy is required to be made and collected for payment of the bonds, is in the nature of an

execution to enforce the collection of the judgment. State ex rel. Smith v. Hall, 94 W. Va. 400, 119 S. E. 166.

It is also held that a proceeding by mandamus to compel the levy of a tax to pay such judgment is in the nature of an execution and that the rights of the parties to the judgment in respect of its subject matter were fixed by its being rendered. City of Chanute v. Trader, 132 U. S. 210, 33 L. Ed. 345.

The fact that interest coupons on bonds of a municipality are merged in a judgment does not affect the character of the indebtedness and the holder of such judgment is entitled to have funds raised by taxation to pay interest on the bonds applied to the payment of a judgment which has been recovered against the municipality on such bonds or coupons. Ward v. Piper, 69 Kan. 773, 77 Pac. 699.

Since the fact that the interest coupons on relator's bonds have been merged in judgments does not affect the character of the indebtedness which was created by the issuance of the bonds, it is the duty of the municipal officers to apply moneys on hand which have been raised by taxation for interest on the bonds and coupons, to the judgment which is merely the original indebtedness in its new form, and by reason of which the holder of such indebtedness is not deprived of his remedy to compel such application. State ex rel. Young v. Royse, 3 Neb. (unofficial) 262, 91 N. W. 559; County Court of Ralls County v. United States, 105 U. S. 733, 26 L. Ed. 1220; Harshman v. Knox Co., 122 U. S. 319, 30 L. Ed. 1152.

It appearing by the return of respondents filed in this court on July 7, 1931, that on the date of the service on the respondents of the alternative writ there was in the interest and sinking fund of the City of Homestead which is applicable to the payment of relator's bonds and coupons the sum of $4,308.72, and no sufficient excuse being offered by the respondents showing why the funds on hand should not be paid over to relator to apply upon its said judgment,

the relator would be entitled to a peremptory writ on the pleadings as they now stand, but in view of the disposition which, since the filing of the answer, has been made by this Court with reference to another case involving apparently the same fund, we refuse the peremptory writ for the present.

Permission is granted to respondents to file within fifteen days such further return as they may be advised, based on the disposition ordered in the case of State ex rel. DuPont Ball, Inc. vs. S. E. Livingston, et al.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.