State of Florida, on relation of Evalyn Montgomery, *Relator*, vs. City of Fort Pierce, a municipal corporation under the laws of Florida, J. K. WALKER, as Mayor-Commissioner, and W. H. REID, J. B. BUKYM, WALTER PETERSON and R. L. GOODWIN, as City Commissioners of City of Fort Pierce, MAY J. PRIESTLY, as City Manager of City of Fort Pierce, and J. W. DUNN, as City Clerk and Treasurer of City of Fort Pierce, *Respondents*.

143 So. 733.

Opinion filed September 29, 1932.

*Fee & Liddon*, for Relator;

*G. R. Nottingham*, for Respondents.

DAVIS, J.—An original writ of mandamus issued out of this Court commanding the respondent city officials of Fort Pierce, Florida, to (1) pay the bonds owned and held by relator, in the event the amount in the sinking fund of the City of Fort Pierce was sufficient to pay the same; (2) in the event the amount in such sinking fund was insufficient to pay same, to pay the bonds from the general funds of

the city; (3) to refrain from disbursing the amount levied for interest and sinking fund on the general fund in any manner other than as by the writ required; (4) to approve and sign all necessary papers, resolutions, checks, warrants and vouchers requisite to payment.

Respondents have moved to quash the alternative writ. The particular ground urged is that the commands of the writ are too broad, and that respondents cannot be required to comply with the writ as a whole, therefore, it should not be made peremptory. State v. Call, 39 Fla. 165, 22 Sou. Rep. 266; Tampa Waterworks Co. vs. State, 77 Fla. 705, 82 Sou. Rep. 230; State v. A. C. L. Ry. Co., 53 Fla. 640, 44 Sou. Rep. 213, 13 L. R. A. (N. S.) 320.

We agree that the alternative writ must be quashed on the ground that it cannot be enforced as a whole.

The bonds sought to be collected are City of Fort Pierce Local Improvement Bonds. They were issued under authority of Section 140 of Chapter 10548, Special Acts of 1925. By the Act under which they were issued, they are made general obligations of the city, it is true, and relator is entitled to enforce them as such by appropriate procedure to that end, as we have held in Little River Bank & Trust Co. vs Johnson, 105 Fla. 212, 141 Sou. Rep. 141.

The right given by the statute under which the bonds were issued (Chapter 10548, Acts of 1925, *supra*) is to compel the City of Fort Pierce to discharge the bonds as general obligations of that municipality by requiring the governing authority of the City and the proper officers and officials thereof, to levy and collect a tax on all the taxable property of the City, sufficient to pay the installments of the principal and interest on the City's bonds as they respectively become due, and payable. See Section 140 of the Act.

The power of the City of Fort Pierce to raise by taxation such amounts as may be necessary to carry on the

*business* and *government* of the City, not to exceed ten mills on the dollar, as provided by Section 39 of Chapter 9 of Chapter 12746, Special Acts of 1927, is a separate statutory power given the municipality by the Legislature to enable it to raise funds by taxation to carry out its governmental purposes. Moneys raised under that Section of the Act, which was passed after the relator's bonds were issued, and which is in no way a part of the taxing power pledged to support relator's bonds, cannot be seized for bond payments, nor can moneys raised thereunder mandatorily be required to be paid over to be applied thereon.

Relator's right is to have executed for the benefit of her bonds all the taxing powers of the City which were *pledged* as a resource to provide for payment of her bonds. And except as otherwise provided by the Legislature in the charter or scheme of governmental operation under which the City carries on, other separate and distinct revenues of the City accruing in its hands, are not subject to being reached by a writ of mandamus, since there is neither a contractual nor statutory duty resting on the municipality or upon its officials, to so apply them.

It is the duty of a municipal corporation to provide for and pay its obligations within its legal limits of taxation and this duty existing, it is clear that it is not discretionary but an imperative one that may be enforced by mandamus. The legality of municipal bonds is no less important than the power of taxation behind them, and when the direct power to tax for the principal and interest on public securities is given in the statute which authorized them, it is mandatory in form and peremptory in effect. Sup'rs. of Rock Island County v. U. S. 4 Wall. (U. S.) 435, 18 L. Ed. 419; Cape Girardeau County Court v. Hill, 118 U. S. 68, 6 Sup. Ct. 957, 30 L. Ed. 73.

Power is given to the City of Fort Pierce to levy a special tax "sufficient" to pay the installments of principal and

interest on bonds issued under Section 140 of 1925 Act. This is a distinct power separate from the general power of the City to raise taxes for governmental purposes under the 1927 Act. The exercise, to the extent necessary, of the power given to levy a tax *sufficient to pay,* will result in the raising and collecting of the amounts necessary to pay relator's bonds and other bonds of the same class, so resort to the general revenues of the city is not shown to be necessary and therefore not sustained by the principles laid down in United States v. Clark County, 96 U. S. 211, 24 L. Ed. 628; Fort Madison Water Co. vs. City of Madison, ·110 Fed. 901.

If diversion of applicable funds raised to pay the bonds has occurred, relator has the right to collect the amount of any deficit thus created, by resorting to the general revenues through the appropriate remedy (Vickery v. Sioux City, 104 Fed. 164, City of New Orleans v. Fisher, 91 Fed. 574), but such diversion cannot be reached by mandamus of the character sought here.

It follows from what has been said that relator's alternative writ is too broad and should be quashed unless amended within fifteen days to conform to this opinion, and such will be our order.

Motion to quash granted with leave to amend within fifteen days.

BUFORD, C.J. AND TERRELL AND BROWN, J.J., concur.

ELLIS, J., concurs specially.

WHITFIELD, J., not participating.

ELLIS, J., concurring specially.—The motion to quash the alternative writ in this case should be granted upon the grounds set up in the motion by the respondent, the City of Fort Pierce. Such grounds were foreshadowed in the application for the alternative writ which should have been denied.

The relator makes no application for leave to amend the

alternative writ, indeed there is no necessity for it as the respondent in its motion admits its ability to pay over such money as it has in its interest and sinking fund applicable to the payment of past due and unpaid bonds, which conforms to the view upon that point expressed in the majority opinion.

No further discussion of the subject nor of related questions seems to be necessary. The proposition that a city is under a duty which may be enforced by mandamus to *"provide* for and *pay* within its legal limits of taxation" all its obligations may in the interest of clarity of thought be subject to some amendment in phraseology. The legal limits of city's taxing power may easily be conceived in some circumstances to be far beyond the city's power to actually produce the needed revenues and therefore beyond its ability to pay which in the last analysis is the bondholder's only right by virtue of his bond or other evidence of debt to have enforced. Always the issue of a mandamus by way of experiment is unjustified as it often turns out to be utterly futile.

I am also of the opinion that suggestions as to amendments in pleadings when they are not sought are voluntary and therefore unnecessary.