CITY OF CLEARWATER, a Municipal Corporation, H. H. BASKIN, as Mayor, Commissioners, et al., etc., *Plaintiffs in Error*, v. STATE OF FLORIDA, ex rel. UNITED MUTUAL LIFE INSURANCE COMPANY, a Corporation, and A. T. HEARIN, *Defendants in Error*.

147 So. 459.

Opinion filed March 10, 1933.

Rehearing denied April 17, 1933.

*Jones & White,* for Plaintiffs in Error;

*Sutton, Tillman & Reeves,* and *Giles J. Patterson,* for Defendants in Error.

DAVIS, C. J.—In this case the alternative writ of mandamus required the respondents, as officials of the City of Clearwater, Florida, a municipal corporation, to "pay to United Mutual Life Insurance Company, a corporation, and A. T. Hearin, the said sums of money shown (in the preceding part of the alternative writ) to be due for the payment of the said (previously described) past due interest coupons" on certain bonds that had been issued by the City of Clearwater, the coupons being alleged to be held by the relators.

The command of a peremptory writ of mandamus issued pursuant to the alternative writ is for the respondents to pay to relators out of the moneys on hand, the interest coupons described in the alternative writ of mandamus, and in addi-

tion thereto, the principal of eight bonds aggregating $8,000.00 additional.

On writ of error we are asked to reverse the judgment principally on two grounds: (1) that relators were improperly allowed to join as plaintiffs in one alternative writ of mandamus; (2) on the ground that the peremptory writ is broader than the alternative writ, in that it orders the payment of the *principal,* as well as the interest coupons, of certain of the described bonds mentioned in the alternative writ, without any command having been theretofore included in the alternative writ concerning the principal of any of the bonds.

Where bonds have been issued by a municipality, with a provision for the levy of stipulated taxes to provide for their payment, the fund contracted to be raised by the agreed taxes, is the foundation upon which the bonds themselves rest. The annual tax is the security offered to the creditors who take bonds under laws which constitute a special agreement on the part of the public corporation debtor to provide for their payment according to terms. And as the Supreme Court of the United States has said in the case of Louisiana v. Pilsbury, 105 U. S. 278-288; 26 L. Ed. 1090; "The annual tax * * * could not be afterwards severed from the contract without violating its stipulations, any more than a mortgage executed as security for a loan could be subsequently repudiated as forming no part of the transaction. In other words, such bonds are but the present funding of the necessary future taxes contracted to be levied in order to pay them off in due course, as to the stipulated principal and interest. Godchaux Co. v. Estpopinal, 142 La. 812, 77 Sou. Rep. 640.

What is true of the contract to levy taxes necessary to be levied to pay the principal and interest of negotiable bonds,

is true of the funds derived from such taxes after they have been collected, and are in hand for the purpose for which the taxes were pledged and raised. Bonds cannot be issued for purposes for which taxes cannot be levied, and bonds when issued are merely in anticipation of the taxes agreed to be provided to pay them.

Thus it is said on this subject in Cooley on Taxation (4th Ed.) Sec. 431, page 941:

"A municipal debt is in many cases the first step in taxation; the levy of taxes being the only means whereby the debt can be paid. It sometimes happens that a municipality is found to have contracted indebtedness to an extent, that is felt to be extremely burdensome; and then a local sentiment may spring up in favor of refusing to raise the necessary taxes for its payment. The purpose may be either to avoid the payment altogether or to postpone it for a time, or perhaps to force a compromise with creditors and an abatement. Whatever may be the purpose, the refusal to levy taxes to meet municipal obligations according to their terms is a public wrong; and as the State has ample power to remedy it, its honor is concerned in taking the necessary steps for that purpose. The most prompt and effectual remedy may be found to be the levy of a tax to provide for the indebtedness under a law specially adapted to the purpose, and by means of agencies appointed by the State. The power of the State to adopt this course is unquestionable.

"Those cases in which the State interferes to compel a political corporation or body, which exists and exercises authority by its permission, to meet its contract obligations and pay its just debts, may be defended on two grounds: First, that it is the right and the duty of the State to see that the powers it confers are not abused, to the injury of those who have relied upon them. Second, that when a po-

litical corporation has contracted a debt or incurred an obligation, it has already taken the initiatory step on taxation, and has, in effect, given its consent that the subsequent steps, so far as they may be essential to the discharge of such debt or obligation, may be taken. No matter, therefore, what the purpose of any lawful municipal contract the taxation to perform it must be regarded as taxation by consent of the people who made it."

It follows from what has been said that while in a certain sense distinct individual private rights are involved in a proceeding in mandamus jointly brought by two separate bond holders to enable them to realize a tax, or the proceeds of a tax, pledged as security for their bonds, yet where the object of the writ of mandamus is simply to compel the disbursement of a common fund to relators who have a legal right to its disbursement, and the fund is one in which all the beneficiaries have a common interest, but the respondents are without any prerogative on their part to resist disbursement on behalf of the absent beneficiaries as against the others who are before the court, no objection by respondents will lie to the fact that two or more claimants have joined in one writ, if each would have been entitled if he had sued separately. Davies v. Corbin, 112 U. S. 36, 5 Sup. Ct. Rep. 4, 28 L. Ed. 627; Hawley v. Fairbanks, 108 U. S. 543, 2 Sup. Ct. Rep. 846, 27 L. Ed. 820; State *ex rel.* Flaugh v. Jaudon, 286 Mo. 181, 227 S. W. Rep. 48; State *ex rel.* Johnson v. State Tax Collector, 39 La. Ann. 530, 2 Sou. Rep. 59; 38 C. J. 47, 18 R. C. L. 329. The case of State *ex rel.* Scott v. Board of County Commissioners, 17 Fla. 707, which has been cited as authority to the contrary, is not apposite here, because each of the rights involved in that proceeding was special, personal and individual, did not arise out of a common status, and was not wholly de-

pendent upon a single claim of either public or private right on the part of the relators joined, nor upon breach of a single duty alleged to have been violated by respondents with respect to some legal obligation running to relators in common. See People v. Czaszewicz, 295 Ill. 11, 128 N. E. Rep. 739.

The interests of relators here are not wholly separate and distinct, nor wholly public as in Florida Cent. & P. R. Co. v. State, 31 Fla. 482, 13 Sou. Rep. 103, 34 A. S. R. 30, 20 L. R. A. 419, because the singleness of the duty of a public corporation to pay interest when due on its bonds, as provided by law under which such bonds were issued, gives rise to a common and joint interest in any or all who hold current evidences of interest due and unpaid to have the duty to pay performed as a means of executing the *plan* provided by law for protecting the public credit and discharging the public debt. Humphreys v. State *ex rel.* Palm Beach Co., decided at this term, opinion filed January 17, 1933.

So the motion to quash the alternative writ for misjoinder of relators was properly overruled.

But as to the second propostion, the judgment must be reversed. It is elementary that a peremptory writ of mandamus must follow the alternative writ and cannot be broader in its terms than the alternative writ. State *ex rel.* Hutchins v. Tucker, 106 Fla. 905, 143 Sou. Rep. 754; State *ex rel* Keefe v. City of St. Petersburg, 106 Fla. 742, 144 Sou. Rep. 313. Such an objection as that a peremptory writ is beyond the scope of the alternative writ is a fundamental one going to the validity of the judgment. Fundamental errors in a judgment as a matter of law, can be raised and insisted upon at any time, even for the first time of appeal.

Armour Fertilizer Works v. Parrish Veg. & Fruit Co., 63 Fla. 64, 58 Sou. Rep. 231.

For the error found in the peremptory writ the judgment is reversed and the cause remanded for further proceedings according to law.

Reversed and remanded.

WHITFIELD, TERRLEL, BROWN and BUFORD, J. J., concur.

### ON PETITION FOR A RE-HEARING

PER CURIAM.—Whether or not holders of bonds or corpons *of different issues or series* may join in one writ of mandamus to compel payment thereof, in the face of an objection properly raising and insisting upon that particular ground of objection, is a question that was neither presented nor decided in the opinion filed in this case on March 10, 1933, therefore that question is left open for future consideration and determination. The proposition is one of convenience more than anything else and such an objection is certainly not available to a municipality which maintains one fund for the payment of several series or issues of bonds out of that one fund, thereby recognizing that common interest of all security holders in that one fund. The writ in this case alleged that "for the payment of the defaulted obligations heretofore set forth, said City of Clearwater levied and collected taxes * * * and has now set aside sufficient funds from taxes * * * for the payment of the past-due coupons * * * described herein." The motion to quash admitted such allegations to be true.

Re-hearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.