H. H. BASKIN, H. D. YERXA, *et al.,* as and constituting the City Commission of the City of Clearwater, Florida; *et al. Plaintiffs in Error,* v. THE STATE OF FLORIDA, *ex rel.* J. W. WALL, *Defendant in Error.*

149 So. 333.

Opinion filed May 8, 1933.

*Jones & White,* for Plaintiffs in Error;

*Vocelle & Mitchell,* for Defendant in Error.

DAVIS, C. J.—While a peremptory writ of mandamus requiring town officials to levy a required statutory tax for payment of bonds, the assessor to assess it, the tax collector to collect it, and the treasurer to place it in a special fund, and pay over the same to the relator bond-holder when collected, has been held by this Court not to be too broad when the proceeding in mandamus has been instituted in the Circuit Court (See Humphreys v. State, 108 Fla. 92, 145 Sou. Rep. 858) and the object of the writ is to secure the single result of payment, by certain statutory means prescribed, (Board of County Comm'rs of Labette County v. U. S. *ex rel.* Moulton, 112 U. S. 217, 5 Sup. Ct. Rep. 108, 28 L. Ed 698) yet it is nevertheless true that a writ of mandamus *ex proprio vigore* confers no power, and in itself creates no duty as to authorize other than the lawfully designated town officials to take the steps required by law and the contract to be taken, and if the alternative writ is made to run to officials not required, or permitted, by the statutes to do the acts commanded, or some of them, the motion to quash the alternative writ should be granted, with leave to make appropriate amendments to conform to statutory procedure.

In this case Section 66 of Chapter 9710, Acts of 1923*, the City Charter of Clearwater, requires payment by checks upon any board, interest or sinking fund account, to be accomplished only on the signature of the City Auditor and Clerk and the City Manager with the counter-signature of the Mayor Commissioner or the Acting Mayor-Commis-

---

*Sec. 66. Payments; How Made.—All checks or warrants for the payment of money shall be signed by the City Auditor and Clerk and countersigned by the City Manager, except that all checks or warrants drawn upon any bond, interest or sinking fund, shall be signed by the City Auditor and Clerk and City Manager, and countersigned by the Mayor-Commissioner or the acting Mayor-Commissioner.

sioner, whereas the command of the alternative writ, and of the peremptory writ in this case, if given effect, would dispense with such statutory prerequisite.

The point just mentioned is the proposition in controversy on this writ of error, and was duly raised in the Court below. The Circuit Court should not have issued a peremptory writ requiring bond monies to be disbursed in a manner not authorized by the City Charter, even though such monies may by mandamus be required to be raised by a special tax and placed in a special fund for relator's individual benefit.

Monies required to be raised by a special tax to pay bonds, whether to build up a general interest and sinking fund account, or a special interest and sinking fund account for a particular relator in mandamus, are nevertheless earmarked as interest and sinking fund monies, and should not be required to be paid out by town officials, who have no legal authority under the statutes to make disbursements of town revenues ear-marked as having been raised for interest and sinking fund purposes.

This does not mean that because the obligations sued on are payable at a New York Bank, the money raised to pay them cannot be ordered paid over directly to relator, for whose benefit the writ of mandamus was issued. Relator by asking for payment direct, waives payment in New York.

The point decided is that money raised by the city officials should not, by mandamus, be required to be withdrawn from the municipal treasury in a manner, or by a means, not authorized by the administrative features of the law governing the functions and duties of the municipality's officers.

The judgment is reversed with directions to quash the alternative writ, permit appropriate amendments to same, and have such other proceedings as may be according to law.

WHITFIELD, TERRELL and BUFORD, J. J., concur.

ELLIS and BROWN, J. J., concur in the conclusion.