J. C. PRITCHARD, et al., Plaintiff in Error, v. STATE, ex rel. ALBERT E. BARRS, Defendant in Error.

149 So. 58.

Opinion Filed June 15, 1933.

Rehearing Denied June 16, 1933.

Amended Order Filed June 17, 1933.

*Newcomb Barrs,* for Relator;

*Fred M. Valz, Robert H. Anderson, J. Henry Blount,* and *Emmet Safay,* for Respondents.

PER CURIAM.—This case is before us on a motion to vacate the supersedeas heretofore granted. In connection with that motion, all parties have agreed that the case be disposed of on its merits at this hearing, inasmuch as the present controversy will become moot after June 20, 1933, the date upon which the general election of the City of Jacksonville is required to be held according to the controlling statutes.

This case is one involving a recount of the ballots cast in certain precincts in the City of Jacksonville at a city primary election held therein on May 2, 1933. The returns of that

election showed the hereinafter stated totals of votes credited to each of six candidates running for nomination to the office of city commissioner. Of the six just mentioned, only those three receiving the greatest number of votes were entitled to be certified as the nominees for the offices to be filled.

*Vote as Canvassed*

| | |
|---|---|
| P. M. Ulsch . . . . . | 13,304 votes |
| Thos. C. Imeson . . , . | 10,119 votes |
| Ernest E. Anders . . . | 9,615 votes |
| Albert E. Barrs . . . . | 9,599 votes |
| Ben F. Trenary . . . . | 9,150 votes |
| L. B. McCullough . . . | 7,352 votes |

The command of the alternative writ of mandamus as granted, was in substance as follows: that the respondent inspectors and clerks of election assemble, and publicly open the ballot boxes of the several and respective precincts, and publicly and accurately tally and count the votes appearing upon the ballots cast in said precinct insofar as they pertain to the office of city commission, and after so doing to make amended returns thereof to the City Democratic Executive Committee in due form of law so as to show the true number of votes cast in each of said precincts severally for the respective candidates for City Commission, such count and tally to be done by each of said sets of inspectors severally in the presence of and under the supervision of the said City Democratic Executive Committee. To make the commanded recount effective the custodian of the ballot boxes was ordered to deliver them to the inspectors and clerks, while the City Democratic Executive Committee was ordered to receive and recanvass the amended returns when so made as ordered by the court.

The circuit judge, after hearing of considerable evidence (none of which is exhibited to this Court by a bill of exceptions), ordered a peremptory writ of mandamus to issue. But in so doing he completely departed from the command of the alternative writ, which alternative writ was not so framed as to require more than a numerical recheck and recount of the ballots. So one of the errors assigned is that the circuit judge erroneously included in his peremptory writ the following additional directions and commands not predicated upon, but in enlargement of, the alternative writ:

"Ballots on which the voter has indicated his choice and vote by the use of an "x" mark are legal ballots and ballots whereon the voter has attempted to indicate his choice and vote by the use of a check or "v" mark or any other mark than an "x" mark are illegal and are not to be counted, but are to be separately returned."

Any attempted enlargement of the relief contemplated by the command set forth in an alternative writ of mandamus, by embracing in the peremptory writ issued pursuant thereto, any material requirement for the performance of official acts in addition to, and broader than, that contained in the command of the alternative writ, has several times been declared by this Court to be *fundamental* error. And such an error being *fundamental* is one for which this Court will reverse a judgment ordering such an enlarged peremptory writ, whether excepted or objected to in the lower court, or not. Such was our holding in the very recent case of City of Clearwater v. State *ex rel*. United Mut. Life Ins. Co., 108 Fla. 623, 147 Sou. Rep. 459, headnotes 5, 6 and 7. See also State *ex rel*. Hutchins v. Tucker, 106 Fla. 905, 143 Sou. Rep. 754; State *ex rel*. Keefe v. St. Petersburg, 106 Fla. 742, 144 Sou. Rep. 313.

The peremptory writ awarded in the present case falls squarely within the inhibitory effect of the rule of law just

stated. For that reason the judgment appealed from must be reversed, and the cause remanded to the Circuit Court, with directions to vacate the peremptory writ as awarded, and enter in this cause an appropriate judgment not inconsistent with this opinion, either granting or denying a peremptory writ in accordance with the alternative writ, as, in the opinion of the circuit judge, the merits of the cause may require.

All votes included in the election returns sent in by inspectors of election are presumably votes computed on the basis of ballots properly marked in accordance with law, and as such, entitled to be counted as votes for the candidates designated. Every ballot cast in an election must be definitely accounted for by the election officials. If ballots have been cast that, because of irregular or illegal marking thereof, have not been deemed by the inspectors entitled to be counted, and therefore have been discarded, a return to that effect disclosing the number of such discarded votes, should be made, in order that every ballot cast, or attempted to be cast, shall be accounted for in the election returns. On the other hand, it is the duty of the election inspectors not to commingle in their count of the regularly marked votes as returned by them, ballots which they find irregularly or illegally marked.

Election inspectors as such, have no power to declare the result of an election, even in or for the particular precinct for which they act. Their sole duty is to count, tally, tabulate and return the votes as they find them to have been cast. The declaration of the result is a duty confined to the canvassing board to which the election returns are required to be sent for the purpose of being canvassed and there having the result declared and announced.

In the Drane-Peterson election contest (Wiggins v. State *ex rel.* Drane, 106 Fla. 793, 144 Sou. Rep. 62) the purpose

of that mandamus proceeding was to compel the election inspectors to *segregate* in their returns those ballots admittedly marked in a proper manner, from those not so marked, but alleged to have been counted. Thus the purpose of the writ of mandamus awarded in that case was to enable the Court to decide the proposition as a judicial one, whether or not certain disputed irregularly marked ballots claimed by relator to have been wrongfully commingled in the precinct election returns with those properly marked, should have been considered and counted by the inspectors as legal votes at all. The alternative writ of mandamus sought in that case was in terms so framed as to accomplish the object of *segregation* of the ballots, as the principal relief sought, and, being so framed, was upheld as a proper means of raising and deciding the validity of the disputed markings.

In this case, however, the alternative writ of mandamus is cast on a wholly different theory. It seeks to achieve an entirely different purpose in that it sets up and asks to have corrected by a recount of the ballots, only those errors of a numerical or tabulative character, which, as contended in the pleadings, have crept into the recapitulation of the total votes credited to the candidates for city commissioner, by reason of the haste, negligence and carelessness of the election officials in their manner of *conducting* the count, rather than the method used in determining what the true count was.

If, therefore, as contended at the bar of this Court (although no bill of exceptions brings the evidence here to show whether or not such is a proper finding of the facts), the circuit judge awarded the peremptory writ of mandamus *solely* on the basis of a supposed necessity for a recount to determine merely the validity of disputed ballot markings as was the situation in the Drane-Peterson contest above referred to, the circuit court was in error in thus awarding

the peremptory writ, because no such issue was in any manner raised by the alternative writ or any of the other pleadings in this case. On the contrary, Mr. Barrs in his alternative writ, expressly sought to have counted for him, certain alleged uncounted irregularly marked ballots which he claimed should have been counted for him, since such ballots, so he alleges, clearly showed the intention of the voters marking same to vote for Barrs.

Since the alternative writ issued in this case proceeded on the definite theory that a recount should be publicly had under order of the court merely to correct numerical, computative and tabulative errors, and those only, which errors are alleged to have crept into the count and tally of the votes, because of the haste and negligent manner in which the counting was carried on by the inspectors, relator was bound by the theory of the case that he himself deliberately elected to pursue, and, if a peremptory writ should again be awarded in this case by the court below upon the lower court's reconsideration of this cause pursuant to our mandate herein, the peremptory writ as awarded should exactly follow, and should be limited to, the commands of the alternative writ, and a public recount and recheck had only as to the correct *number* of votes cast, irrespective of the manner of marking so long as the intended choice is discernible from an inspection of the ballots.

What we have just said is in entire harmony with what was held in the Drane-Peterson contest since a candidate, by seeking a mandamus for the recount of votes to correct only numerical, computative or tabulative errors in the original count, shown to have likely occurred because of certain proved irregularities disclosed as to the manner of making the original count, is deemed to have waived possible objections concerning the regularity of the *markings* on

the ballots involved, in all cases where the voter's intended choice is discernible and capable of being counted as a vote.

The judgment appealed from is reversed and the cause remanded for consideration by the Circuit Court for its entry of an appropriate judgment herein, not inconsistent with this opinion, mandate hereon to issue immediately upon stipulation or agreement of the parties.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.

## ON REHEARING

Nothing in the opinion heretofore filed in this cause is to be construed as prohibiting the amendment of the alternative writ, upon proper motion, to present any other issues of law or fact deemed essential to the protection and enforcement of any right relator may have in the premises. Rehearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

## AMENDED ORDER ON DENIAL OF PETITION FOR REHEARING

PER CURIAM.—For the purpose of clarification of our order of June 16, 1933, denying defendant in error's petition for rehearing it is ordered that said order entered June 16, 1933, be amended so as to read as follows:

"Nothing in the opinion heretofore filed in this cause is to be construed as prohibiting the amendment of the alternative writ, upon proper motion, to present any other issues of law or fact deemed essential to the protection and enforcement of any right relator may have in the premises, nor as denying to respondents to the alternative writ, if any amendment of same be allowed, the right to attack by appropriate procedure, the legal sufficiency of any such amended alternative writ, nor as denying the right of

respondents, if they be so advised, to make appropriate amended or additional answer or return to alternative writ as amended, nor as denying the right of any of the parties hereto, either the relator or the respondents, from the right to the trial in an orderly procedural way, of any issues raised by any amendment to the alternative writ or any answer or response thereto. Rehearing denied."

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.