STATE *ex rel.* JAMES P. TALIAFERRO v. H. H. BASKIN, *et al.*, City Commissioners, Clearwater, and H. H. BASKIN, as Mayor, *et al.*

151 So. 421.
Opinion Filed December 4, 1933.
Petition for Rehearing Denied December 27, 1933.

*Martin H. Long,* for Relator;

*Jones & White,* for Respondents.

PER CURIAM.—The defense to the alternative writ of mandamus in this case is that the respondents, city officials of Clearwater, Florida, should not be required to revise the budget of the city for the fiscal year 1933-1934 so as to provide for and appropriate therein for the payment of relator's bonds, a sum equal to all past due principal, interest coupons delinquent and current interest to fall due, because, pursuant to a previously issued peremptory writ of mandamus emanating from this Court, a tax levy sufficient, if collected, to pay relator's bonds, was made last year although not collected.

The alternative writ shows that relator's bonds are general obligations of the City of Clearwater and that "the full faith, credit and resources of the City of Clearwater" were in and by said bonds, and in and by the statute under which they were issued, "irrevocably pledged" to their payment "as they respectively become due."

Where municipal bonds are issued under statutes which authorize the pledge of the full faith and credit of the issuing municipality to pay them as to principal and interest as they respectively become due, and such bonds are actually

issued containing an irrevocable pledge of the full faith, credit and resources of the issuing city for the payment thereof as they respectively become due, cumulative levies which will produce enough to pay are authorized and required to be ordered on the theory that where bonds are general obligations of the municipality there is a continuing obligation to make provision by taxation for paying them in due course, where special assessments or other means of paying them when due, have failed to result in actual payment. Klemm v. Davenport, 100 Fla. 627, 129 Sou. Rep. 904; Norris v. Montezuma Valley Irrigation Dist., 248 Fed. 369, Montezuma Valley Irrigation Dist. v. Norris, 248 U. S. 569, 39 Sup. Ct. Rep. 10, 63 L. Ed. 425; State *ex rel.* Dos Amigos v. Lehman, 100 Fla. 1313, 131 Sou. Rep. 533. This is an age old, but lawful inequity, when it occurs in the exercise of general taxing powers pledged to pay a municipality's bonded debts. Fisher v. City of Charleston, 17 W. Va. 595; State *ex rel.* Soutter v. City of Madison, 15 Wis. 30; Cosman v. Chestnut Valley Irrigation Dist., 74 Mont. Ill, 238 Pac. Rep. 879, 40 A. L. R. 1344 and notes. And the stated rule has been heretofore applied and judicially enforced as the law of this State. Rountree v. State *ex rel.* Georgia Bond & Mtge. Co., 102 Fla. 246, 135 Sou. Rep. 888.

The Court holds that the relator's motion for a peremptory writ of mandamus, notwithstanding the return, should be granted, but in view of the admitted representation made by respondent city officials in the return to the effect that their failure to make the presently required levy in the current budget was done by respondents in good faith, and upon the advice of counsel that such was a proper course of procedure to follow, in consequence of which the budget for 1933-1934 has already been adopted, and the 1933-1934

tax roll based thereon already placed in the hands of the tax collector, so that to require withdrawal of the same at this time would cause confusion and disorder in the fiscal affairs of the city for the current year, no formal order for a peremptory writ will be entered at this time on the present alternative writ, but relator will be permitted to so amend his alternative writ as to provide for the inclusion of the items therein embraced, in the next succeeding budget prepared and adopted by the City of Clearwater for the next succeeding fiscal year to be placed on the 1934-1935 tax roll. Such is the proper practice to be followed when, by reason of a reasonable delay in bringing suit or the lapse of time consumed in the litigation, a peremptory writ of mandamus for a special tax for a particular year, if ordered, can only be made effective by ordering the special tax covered thereby to be placed on a subsequent tax roll as an uncollected item of a tax carried over to the succeeding year from the particular year's tax roll on which it should have been assessed and collected, but was not. The duty being a continuing one, will be enforced by the courts in a manner to make the peremptory writ effective for the purpose for which it was sought. See State *ex rel.* Sherrill v. Milam, 113 Fla. 491, 153 Sou. Rep. 100 (opinion filed April 7, 1933).

In view of the circumstances that one levy for the entire claim has heretofore proved uncollectible, leave is given to the respondents to propose to this Court a reasonable plan for so spreading the tax requirements necessary to be provided in obedience to the peremptory writ for meeting the past accumulated unpaid principal and interest coupons, that reasonable installments of such accumulated unpaid principal and interest coupons, together with current interest requirements on relator's bonds, will annually be

provided hereafter to discharge relator's claim in due course, in accordance with the statute under which it was incurred and the obligation of the City of Clearwater's contract in the premises. See State *ex rel.* Gillespie v. County of Bay, decided at this Term, opinion filed November 13, 1933.

Motion for peremptory writ of mandamus granted subject to conditions stated in opinion.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—A return to an alternative writ of mandamus, in order to be sufficient, must be one of two things: (1) It must traverse the material allegations of the writ to such an extent as to show that, with the traversed facts unproved, the alternative writ should not be made peremptory; (2) The return must confess the allegations of the writ and set up some new matter sufficient in itself to bar the right to a peremptory writ.

The return in the present case fully confessed relator's rights as a holder of the respondent's defaulted bonds described in the alternative writ, but did not present any matters in avoidance thereof, which the Court could adjudge sufficient in law to bar relator's right to a peremptory writ, the holding of our former opinion being that taxes levied for one year to provide for the discharge of an obligation to provide for payment of municipal bonds, are not, unless and until collected, a bar to a new tax levy for a *succeeding* year to bring about the satisfaction of the obligation of the contract, when the contract is one that pledges the full faith and credit of the city to discharge it. This was definitely decided in Rountree v. State *ex rel.* Georgia Bond & Mtge. Co., 102 Fla. 246, 135 Sou. Rep. 888.

Rehearing denied.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.