STATE *ex rel.* R. E. CARTER v. CITY OF ST. PETERSBURG.

150 So. 584.
151 So. 481.
Division A.
Order Filed October 19, 1933.
Opinion Filed December 18, 1933.
Final Judgment Entered January 4, 1934.

*W. B. Dickenson,* for Relator;

*W. F. Way, Carroll R. Runyon* and *Lewis T. Wray,* for Respondents.

PER CURIAM.—In this case the Court overrules the motion to quash the alternative writ of mandamus on condition that there be eliminated from said alternative writ the command for the collection of the tax sought to be required to be assessed, as well as the further command that the taxes collected in compliance with the alternative writ be paid to the relator. Such demands have been held to be appropriate in mandamus suits instituted in the circuit courts, but this Court has consistently refused to entertain jurisdiction of

writs of mandamus which would require this Court to act as. a court for the enforcement of the strictly private rights' of relators, as distinguished from acting judicially to settle questions of law of public interest that may be involved,. which questions of law can be adequately settled on a writ of more limited scope than that which is permissible to· secure complete relief for the relator, as a litigant seeking to protect his own rights in the premises. See Humphreys. v. State, 108 Fla. 92, 145 So. Rep. 858.

Alternative writ sustained on condition that amendment be made in accordance with this order. Answer to alternative writ to be filed within eight days after amendment is· made.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

PER CURIAM.—In this case order was made on October 19th, 1933, overruling motion to quash alternative writ and. suggesting that amendment be made to the alternative writ. The amendment was made as suggested and, thereafter, answer was filed to the writ as amended. Demurer was. filed to the answer. The answer has been examined and found insufficient to allege facts constituting a defense and also failing to allege facts to show a compliance with the alternative writ.

Questions of law involved here have been repeatedly discussed by this Court and it can serve no useful purpose to repeat here what has heretofore been enunciated as the· law applicable to such matters.

The demurrer to the answer and return to the amended alternative writ is sustained on the ground that no defense to the full performance of the commands of the alternative writ has been shown thereby. But, in view of the allegations of the answer which show that the City of St. Pe--

tersburg is now in process of attempting to refund all of its bonded debt, negotiations for which have been completed to the extent of securing the agreement of 80 per cent of its bond holders to a plan of refunding, and in view of the facts set up in the answer which demonstrate the impossibility of the city's being able to pay all of its matured debts as to matured and maturing principal during the fiscal year which is covered by the budget to which this particular writ of mandamus is directed, the Court will grant the relator's motion for a peremptory writ of mandamus at the present time to the extent only of ordering payment of unpaid past-due interest and interest to fall due during the fiscal year covered by the particular budget to which the alternative writ of mandamus is directed in this case, leave being hereby given to the relator to so amend the amended alternative writ as to provide for a special tax levy for relator's benefit to pay such past due and unpaid interest and interest to come due during the current fiscal year, the matter of a peremptory writ for principal being deferred until such time as the Court can be advised whether or not the city's refunding program can be carried through to a successful conclusion, or the improbability of such a program being successfully concluded apears.

Demurer to answer and return to alternative writ of mandamus sustained. Motion for peremptory writ of mandamus granted in part, with leave to relator to amend alternative writ of mandamus to conform.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., absent and not participating because of illness.

### Final Judgment in Mandamus.

Per Curiam.—This cause came on to be heard by the court upon the petition of relator for an amendment of his alternative writ of mandamus in certain particulars as specified in his motion therefor, and the same was argued before the Court *en banc* by counsel for the respective parties, and it appearing to the Court that by its order and opinion heretofore filed in this cause on December 18, 1933, as appears of record, it was ordered that relator's demurrer to respondent's answer and return be sustained, and no amendment of said answer or return having been proposed or suggested to the Court, it is thereupon considered, ordered and adjudged by the Court that relator, State of Florida, *ex rel.* R. E. Carter, as plaintiff, do have and recover of and from the City of St. Petersburg, a municipal corporation, organized and existing under the laws of the State of Florida; Henry W. Adams, Jr., R. G. Blanc, John S. Smith, Ora F. Fraze, Sr., M. D. Weaver, Frederick W. Webster and Alvin J. Wood, as and constituting the City Council of the City of St. Petersburg; W. M. Cotton, as City Manager of said City of St. Petersburg, and John C. Donehoo, as Tax Assessor of the City of St. Petersburg, as defendants, judgment on his said demurrer and that relator be awarded herein a peremptory writ of mandamus, to be issued pursuant to this final judgment, but, for good and sufficient causes having been made to appear to this Court by the record herein, and deemed by it sufficient to warrant this supplementary order with respect to the form of peremptory writ of mandamus to be issued in this cause, it is further ordered and directed that plaintiff be and he is hereby allowed to take his peremptory writ of mandamus on the judgment therefor hereby awarded to him in this cause, only pursuant to an amendment to the commands of his alternative writ

of mandamus in the following particulars: (1) requiring adequate provision to be made for the payment of all interest due and to become due on relator's bonds; (2) requiring provision to be made for the payment of $8,000.00 principal during the fiscal year 1933-1934; (3) requiring provision to be made for the payment of the remainder of relator's bonds during the fiscal year 1934-1935.