JAMES A. TREAT, as Mayor-Commissioner, *et al.,* v. STATE, *ex rel.* H. CARL DANN.

160 So. 498.

Opinion Filed March 26, 1935.

900

*W. E. Winderweedle* and *Jones & White,* for Plaintiff in Error;

*George B. Carter,* for Defendant in Error.

DAVIS, J.—The City of Winter Park, a municipality incorporated under Chapter 11325, Acts 1925, issued certain bonds upon which relator below brought this proceeding in mandamus looking toward coercing their payment by a special tax levy, as provided for by the statutes under which such bonds had been issued and sold. See Chapter 9298, Acts 1923, and Chapter 11855, Acts 1925, Laws of Florida. The Circuit Court awarded relator a peremptory writ of mandamus and the respondents, as municipal officers of the City of Winter Park, have prosecuted this writ of error to that judgment.

That it was the city's duty to levy a special tax to pay relator's bonds past due and maturing on or before July 1, 1934, and to pay the current and maturing interest on all the described bonds of the respondent city owned or held by relator, is not to be denied in view of the terms of the statutes under which the bonds were issued and sold, as construed in a number of prior decisions by this Court.

The City of Winter Park's default in the performance of its legal duty in the premises was complete when its city officials failed to seasonably anticipate and adequately provide for the raising of the funds required by it to enable

it to make its payments of maturing principal and interest, the necessity of providing for which in due course of municipal administration the city officials were charged with full knoweldge of at and prior to the time the duty to first take official action arose.

A disregard of the municipality's duty to seasonably provide for payment, and the further disregard of its duty to pay relator's bonds, is the breach of legal duty upon which the writ of mandamus involved in this case was predicated. And upon such breach of legal duty it must be supported.

A definite breach of legal duty to pay, or to adequately provide for payment, *on the part of a municipality as the obligor on municipal bonds sued on,* gives rise to a legal right on the part of an injured creditor to institute a proceeding in mandamus for the purpose of having all necessary due and lawful action taken by the municipality that the circumstances may demand in order to completely cure the breach of legal duty on the part of the city and its officials, which breach of duty may be a failure to seasonably provide for payment as well as a failure to pay.

In such a mandamus proceeding relator is entitled to ask for and to be awarded complete relief to the extent of coercing the respondent city officials to take and carry out whatever successive legal steps may be found to be essential to be carried out in order to provide a fund for payment of relator's bonds and coupons as well as to pay the same in accordance with the terms of relator's demand for a peremptory writ of mandamus sufficient in form and substance to accomplish the object of payment. Thus the effect of the relator's writ is set in motion and to keep functioning the administrative course of procedure set forth in terms in the statutes and contracted to be faithfully and seasonably followed by the municipality as a means of dis-

charging its bonded debts. Baskin v. State, *ex rel.* Wall, 110 Fla. 110, 149 Sou. Rep. 333; City of Clearwater v. State, *ex rel.* Union Mutual Life Ins. Co., 108 Fla. 623, 147 Sou. Rep. 459; County Commissioners of Columbia County v. King, 13 Fla. 451; State. *ex rel.* DuPont Ball, Inc., v. Livingston, 104 Fla. 33, 139 Sou. Rep. 360; Humphreys v. State, *ex rel.* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858; State, *ex rel.* Keefe v. Adams, 106 Fla. 731, 733, 143 Sou. Rep. 644; Little River Bank & Trust Co. v. Johnson, 105 Fla. 212, 141 Sou. Rep. 141; McNally v. State, *ex rel.* Bond Realization Corp., 112 Fla. 434, 150 Sou. Rep. 751; McNally v. State, *ex rel.* Bond Realization Corp. (second appeal), 117 Fla. 33, 157 Sou. Rep. 430; State, *ex rel.* Taliaferro v. Baskin, 113 Fla. 115, 151 Sou. Rep. 421; State, *ex rel.* Gillespie v. Carlton, 103 Fla. 810, 138 Sou. Rep. 612; State, *ex rel.* Montgomery v. City of Ft. Pierce, 106 Fla. 845, 143 Sou. Rep. 733; State, *ex rel.* Carter v. City of St. Petersburg, 112 Fla. 395, 150 Sou. Rep. 584; State, *ex rel.* New York Life Ins. Co. v. Curry, 104 Fla. 242, 139 Sou. Rep. 891; State, *ex rel.* Buckwalter v. City of Lakeland, 112 Fla. 200, 150 Sou. Rep. 508; State, *ex rel.* Dos Amigos, Inc., v. Lehman, 100 Fla. 1313, 131 Sou. Rep. 533; State, *ex rel.* National Discount Corp. v. Livingston, 103 Fla. 841, 139 Sou. Rep. 364; State, *ex rel.* Sherrill v. Milam, 113 Fla. 491, 153 Sou. Rep. 100; State, *ex rel.* Barrs v. Pritchard, 111 Fla. 122, 149 Sou. Rep. 58; State, *ex rel.* Supreme Forest Woodmen Circle v. Snow, 113 Fla. 241, 151 Sou. Rep. 393; State, *ex rel.* Gillespie v. Vickers, 110 Fla. 157, 148 Sou. Rep. 526; State, *ex rel.* Gillespie v. Walama, 113 Fla. 726, 152 Sou. Rep. 196.

As will be observed from our decisions, the holder of a municipal bond, as to which a contract has been made in the bonds by the obligor, pursuant to statute, for the sea-

sonable raising of revenue with which to discharge the bond debt and periodic interest payments, when and as due, is entitled to seek and have at least three forms of relief by mandamus; (1) a mandate to require the obligor municipality to follow the statutory provisions constituting the financial plan under which the bonds were issued, by doing whatever is necessary to anticipate and provide for the orderly payment at maturity of the whole series of bonds and interest coupons of which relator's bonds and interest coupons are a part; (2) a mandate to require the obligor municipality to appropriate or pay· out any applicable funds already on hand in satisfaction of bonds or interest coupons already due and payable out of such funds but remaining unpaid; and (3) a mandate to require the obligor municipality to specifically raise a sufficient special tax to be earmarked and applied to relator's bonds and interest coupons alone, when and after it is made to appear that the obligor municipality has breached its duty to provide, as enjoined by law, for the prompt and orderly payment of the whole series of bonds and interest coupons of which relator's bonds are a part.

It is not the failure or refusal of any particular municipal officer to personally discharge some specific duty devolving upon him alone that establishes the right of a creditor to resort to mandamus in a case of this kind. On the contrary, it is the established fact of the municipal corporation's own failure to perform its statutory duty to exert its municipal powers to seasonably arrange and provide for payment of its maturing bonds and interest coupons when and as they are required by law to be provided for· in the municipality's budgetary operations and the authorized exercise of the municipality's taxing power, that gives rise to a legal right on the part of an injured creditor to

have such positive breach of municipal duty remedied and cured through a resort to the writ of mandamus to compel the respondent municipality to so exercise its municipal powers of finance taxation as to anticipate and avoid any default in the making of suitable and seasonable provision of the funded debt of the city in which relator discloses an interest.

In this case the alternative writ of mandamus showed that the City of Winter Park had duly issued the bonds upon which the relator's writ was predicated. It further showed that the respondent city officials had failed to collect in due season the city's special assessments on properties specially benefitted by the improvements made with the funds secured by the city from the sale of certain of the bonds sued on, and that said respondent city officials, with full knowledge of such situation, had definitely failed to make a tax levy, as provided by the statutes, for the payment of said bonds, but had only made a levy for general purposes and for interest on certain bonds other than those of relator. The alternative writ thereupon charged that unless the city was required by judicial process so to do, that its said respondent municipal officials would not levy any tax for the payment of relator's bonds past due and matured on January 1, 1933, and July 1, 1933, nor provide for raising any revenue to pay relator's bonds that would mature January 1, 1934, and July 1, 1934; that the said City of Winter Park had no funds already in hand with which to pay relator's bonds and interest coupons matured and to mature during the fiscal year 1933-1934, and that the only means the City of Winter Park possessed as a resource for paying relator's said bonds was the exercise of its powers to levy an *ad valorem* tax for that purpose on all taxable property within said city for the tax year

1933; that according to the statutes under which relator's bonds had been issued and sold that it was the inescapable legal duty of the City of Winter Park to so exercise its powers to levy such an *ad valorem* tax to pay relator's bonds past due and maturing on or before July 1, 1934, and to pay the interest on all of said bonds owned by relator and described in the alternative writ of mandamus.

The original, as well as the additional return interposed to the alternative writ by the respondents below (plaintiffs in error here) was insufficient to bar or preclude the award to relator of the peremptory writ sought. This is so because a return to an alternative writ of mandamus must be a complete answer to the whole writ. In other words, the respondent in such a case must, in his return, show a *full, complete and unconditional compliance* with the mandate of the alternative writ, or he must, in justification of his refusal to fully, completely and unconditionally comply with such mandate, either deny the material facts stated in the writ upon which relator's claim is founded, or he must set up in definite and issuable form other facts sufficient in law to defeat the relator's claim for peremptory relief. This is so because the mandatory portion of an alternative writ of mandamus, like the mandatory portion of a peremptory writ of mandamus, is indivisible as to performance and nothing short of complete and exact compliance with the commands of an alternative writ of mandamus will discharge it in the absence of defenses interposed to it on the merits. See: Sanson v. Mercer, 68 Texas 488, 5 S. W. Rep. 62, 2 A. S. R. 505; State, *ex rel.* Brumley v. Jessup & Moore Paper Co., 1 Boyce (Del.) 379, 77 Atl. Rep. 16, 30 L. R. A. (N. S.) 290; State, *ex rel.* Knott v. Haskell, 72 Fla. 176, 244, 72 Sou. Rep. 651. Every intendment is made against the return to a writ of mandamus that does not

answer the important facts. State v. Williams, 110 Tenn. 549, 75 S. W. Rep. 948, 64 L. R. A. 418; Ray v. Wilson, 29 Fla. 342, 10 Sou. Rep. 613, 14 L. R. A. 773.

The lower court therefore granted relator's motion for a peremptory writ, the several returns of the respondents being insufficient to show either full, complete and unconditional compliance with the indivisible mandate of the alternative writ, or facts or denials of the pleaded breach of legal duty upon which the right to relief sought by means of the peremptory writ was postulated.

The judgment is affirmed with leave to relator to apply to the court below for an appropriate amendment of the proceedings to provide for the levy and collection of the mandated tax on a current tax roll of the city as an omitted tax that should have been, but was not, collected on the tax roll of 1933 to which the original writ was made applicable. See State, *ex rel.* Sherfill v. Milam, *supra.*

Affirmed and remanded with directions.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.