CITY OF BRADENTON, *et al.,* v. STATE, *ex rel.* BEN HUR LIFE ASSOCIATION, *a Corporation.*

165 So. 687.

Division B.

Opinion Filed February 7, 1936.

*John B. Singeltary,* for Plaintiffs in Error;
*Casey & Walton,* for Defendant in Error.

TERRELL, J.—In November, 1934, alternative writ of mandamus was issued from the Circuit Court of Manatee

County directed to the Mayor, City Council, Chairman of the Finance Committee, and Clerk of the City of Bradenton, alleging it to be the duty of the City Council to annually levy and collect a tax upon all taxable property within the corporate limits of the city sufficient to pay the interest due upon its bonded indebtedness, including relator's interest coupons which became due February 1, 1934.

A motion to quash was overruled, peremptory writ was granted, and the instant writ of error was prosecuted therefrom.

Two questions are urged for determination, but both turn on the fact of whether or not the commands of the alternative writ are at fatal variance with the recitals in the body of the writ.

The commands of the alternative writ were addressed to the Mayor, City Council, Tax Assessor, Tax Collector, and Clerk, jointly and severally, that part of the joint command complained of being as follows:

"That you, and each of you, perform such of your several duties in the premises as may be prescribed by the laws of the State of Florida and the Ordinances of the said City, in effecting the last mentioned tax levy, and in preparing, approving, signing, and countersigning all such resolutions, ordinances, papers, warrants, checks, drafts, or other documents, as may be necessary to effectuate and make payment to the said relator of the tax so to be levied, assessed, and collected, for the payment of its said claim."

The test to determine whether a motion to quash an alternative writ of mandamus should be granted because of fatal variance between the recitals in the body of the writ and in its commands is whether or not the latter requires more to be done than the former. It is of course essential that the thing or things to be done be pointed out with defi-

niteness and certainty. This is especially true when the duty of public officers is involved, but the mere fact that the recitals in the body of the writ are general and those in the mandatory part are specific is not a violation of the rule if the test as here stated is met.

It is true that the mandatory part of the writ complained of details more specifically the duties sought to be coerced than do the recitals in the body of it, but it cannot be said to violate the test prescribed and when read in conjunction with the governing law the respondents are fully advised of the duties they are required to perform. Labette County Commissioners v. United States, 112 U. S. 217, 5 Sup. Ct. 108, 28 L. Ed. 698, text 699; Treat v. State, ex rel. Dann, 118 Fla. 899, 160 So. 498; 18 R. C. L. 344, Sec. 298.

The judgment below is accordingly affirmed.

Affirmed.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.