WILLIAM L. ADAMS, *et al.*, v. STATE, *ex rel.* E. C. BOOZER.

169 So. 915.
Opinion Filed July 23, 1936.

C. H. *Landefeld, Jr.,* for Plaintiffs in Error;
*Boozer & Boozer,* for Defendant in Error.

PER CURIAM.—The writ of error brings for review judgment awarding peremptory writ of mandamus.

The judgment should be affirmed on authority of the opinion and judgment in the case of Treat, *et al.*, v. State, *ex rel.,* 118 Fla. 899, 160 Sou. 498; State, *ex rel.,* v. Sholtz, *et al.,* 119 Fla. 704, 160 Sou. 872, and City of Bradenton v. State, 117 Fla. 579, 158 Sou. 165.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.

DAVIS, J. (concurring).—A party may become bound by a judicial proceeding because he is a party by representation, that is, because his contractual or legal relationship to the nominal parties of record may be such that whatever binds them will bind him *ex propio vigore.* State v. Rose, 122 Fla. 227, 165 So. Rep. 60. Successors in office to officials bound by a peremptory writ of mandamus may, on like principles, become bound by an adjudication against their predecessors in office. So it is not necessary to reopen the case merely to make a substitution of respondents as such successors in office where predecessors were bound.