686 SUPREME COURT.

Opinion rendered to the Governor—Election of United States Senator.

IN THE MATTER OF THE EXECUTIVE COMMUNICATION OF THE 28TH JANUARY, 1869.

1. The Senate of the United States is the exclusive judge of the election return and qualifications of its own members. Whether an election of a Senator by a State Legislature is in conformity with such regulations as are prescribed by Congress, or whether, for want of strict conformity therewith, it is illegal and void, are questions which this court has no jurisdiction to decide.

EXECUTIVE OFFICE,
TALLAHASSEE, Fla., January 28th, 1869.

To the Hon. the Supreme Court:

I have the honor to inclose a copy of a resolution of the Legislature asking the opinion of your honorable body upon a question submitted, and to which your immediate reply is required.

Very respectfully, &c.,

HARRISON REED, Governor.

The resolution inclosed was as follows:

CONCURRENT RESOLUTION.

WHEREAS, Grave doubts exist as to the legality of the late election of Abijah Gilbert as United States Senator:

Therefore be it resolved by the Senate, the Assembly concurring, That His Excellency the Governor be requested to ask the opinion of the Supreme Court at once upon the legality of said election, and if the Supreme Court should decide that the election of said Abijah Gilbert was illegal and void, whether or not any election of United States Senator from and after this time, and during the present session of the Legislature, would be legal and valid.

To His Excellency Governor REED:

Your letter of yesterday covering a resolution of the Legislature requesting the opinion of this court upon the legality of the election of the Hon. Abijah Gilbert as Senator of the

United States from Florida; and whether, if the Supreme Court should decide that such election was *illegal and void,* an election hereafter made at the present session of the Legislature would be legal and valid ?

An Act of Congress approved July 25th, 1866, entitled " An Act to regulate the times and manner of holding elections for Senators in Congress," (Laws 39th Congress, 1st session, p. 243,) provides that the Legislature which shall be chosen next preceding the expiration of the time for which any Senator was elected to represent said State in Congress, shall, on the second Tuesday after the meeting and organization thereof, proceed to elect a Senator in Congress in the place of such Senator so going out of office in the following manner : Each House shall openly by a *viva voce* vote of each member present name one person for Senator, and the name of the person so voted for who shall have a majority of the whole number of votes cast in each House shall be entered on the Journal of each House by the Clerk or Secretary thereof; but if either House shall fail to give such majority to any person on said day, that fact shall be entered on the Journal.   At twelve o'clock M., of the day following, the members of the two Houses shall convene in joint assembly, and the Journal of each House shall be read, and the person who shall have received a majority of all the votes in *each* House shall be declared elected; but if the same person shall not have received a majority of the votes in each House, or if *either* House shall have failed to take proceedings as required, the Joint Assembly shall then proceed to choose by a *viva voce* vote of each member present a person for the purpose aforesaid, and the person having a majority of all the votes of said Joint Assembly (a majority of all the members elected to both Houses being present and voting) shall be declared duly elected; and in case no person shall receive such majority on the first day, the Joint Assembly shall meet at twelve o'clock M. of each succeeding day during the session of the Legislature, and take at least one vote until a Senator be elected.

No statement of facts is presented to us, but it is probably expected that we shall examine the Journals of the two Houses of the Legislature for the purpose of ascertaining what steps have been taken in reference to the election of a Senator, in place of the Senator whose term will expire on the 4th day of March next.

Protesting that the questions involved in the inquiry are not matters of judicial cognizance, and that the " opinion " of this court is binding upon no person, the matter being purely of legislative interpretation and adjudication, yet because the Constitution *requires* the court to give opinions " upon any point of law," when *required* by the Governor, we are constrained to comply with the *requirement* of the Constitution.

As to the facts, then, relating to the election of Mr. Gilbert as Senator, we do not find that on the second Tuesday after the organization of the Legislature at its session commencing on the 8th day of June last, either House, openly by a *viva voce* vote of each member present, named any person for Senator of the United States in place of a Senator whose term of office was about to expire. Two persons were so voted for to fill supposed vacancies, but no votes were given to fill the term commencing on the 4th of March next. Subsequently a Joint Convention of the two Houses of the Legislature, without the previous separate action of the Houses, elected Mr. Gilbert for the term commencing in March next. It appears to us, therefore, that such election was irregular, but it is out of our power to *decide* that the election was " illegal and void," that question being exclusively for the Senate of the United States.

It is within the power of the Senate of the United States to regard the provisions of the act of Congress as directory, and to conclude that the Legislature of the State has expressed its will, and that the constituency of Mr. Gilbert desire him as their Representative; and that while in point of fact the election may not have taken place upon the day, and in strict conformity with the statutes, yet that it was a fair expression of

the power in whom was vested the duty of selection. In the very nature of things there is nothing before us which can enable us to determine the question of its validity.

We may say whether the requirements of the law have been complied with, but we cannot say whether the Senate will overlook this or determine that it was necessary. If the Senate determine that the election was valid, that is final, but until it is determined, its validity will remain an open question; and without a knowledge of the future we cannot answer the inquiry.

An election at a subsequent day of the present session, no Joint Assembly having been held on the day succeeding the vote taken in the Legislative Assembly, may stand upon similar grounds as to irregularity; neither being in *strict* conformity with law, the Senate might admit or refuse to admit either.

For the court.

E. M. RANDALL, C. J.

SUPREME COURT OF FLORIDA, }
TALLAHASSEE, January 29th, 1869. }