A. S. ANDERSEN, et al., *Plaintiffs in Errror*, vs. THE STATE OF FLORIDA, ex rel. JACOB G. BAUER, *Defendant in Error.*

143 So. 775.

Division B.

Opinion filed October 8, 1932.

*Southard & Gibson, O. E. Falls* and *Francis B. Winthrop* for Plaintiff in Error;

*Winters, Foskett & Wilcox,* and *Bert Winters,* for Defendant in Error.

WHITFIELD, P.J.—Jacob G. Bauer brought mandamus in the Circuit Court for Palm Beach County against A. S. Andersen and others constituting the Board of Commissioners of the Lake Worth Inlet District of Palm Beach County and the treasurer of such board. It is alleged that the relator, Bauer, is the lawful owner and holder of interest coupons which matured for payment July 1, 1932, on bonds issued by the district; that the respondent, Board of Commissioners "now holds in its

bond fund or other appropriate account, from and out of the money collected by it for the payment of principal and interest on this issue of bonds, the sum of Forty-five Thousand ($45,000.) Dollars or at least an amount more than sufficient to pay the past due interest coupons now owned by the relator hereinabove described, which interest coupons matured and became due prior to the institution of this suit; that the relator has requested payment of the several coupons hereinabove described, but that the respondents and each of them, though so requested to pay the said obligations of the Board of Commissioners of Lake Worth Inlet District, have declined and refused to pay said past due coupons from the funds collected for that purpose.''

The alternative writ commanded the payment of the relator's interest coupons or to show cause for not doing so.

The respondents by return ''admit that they have collected or caused to be collected approximately the sum of $45,000.00 for the purpose of paying bonds and interest coupons of the Lake Worth Inlet District due July 1st, 1932, but deny that the said fund is now owned and held by them in the bond fund or interest and sinking fund and deny they have on hand or within their control sufficient bond or interest and sinking fund to liquidate and pay relator's claim, but say that the respondents hereto gathered in a meeting as the Board of Commissioners of the Lake Worth Inlet District, June 28th, 1932, by virtue of the power vested in them as the administrative authority of the said Lake Worth Inlet District, and in the exercise of their discretionary power, and which action was reasonable, did, by appropriate legal action set over and deliver to the West Palm Beach Atlantic National Bank, a banking corporation having its principal place of business in the city of West Palm Beach, Florida, the

sum of $45,584.05 to be held by it in trust for the owners and holders of bonds and interest coupons constituting a valid obligation of said Lake Worth Inlet District maturing July 1st, 1932, which sum represents thirty-five (35%) per cent. of the amount due on said obligation, the terms of such trust being that it should disburse on presentation of such bonds and interest coupons thirty-five (35%) per cent. of the amount represented by such bonds and interest coupons. That said trust was duly accepted by the West Palm Beach Atlantic National Bank and is now in the process of execution and that the respondents herein have no further control or interest in the said funds except to see that said trust is properly executed.''

''6. * * and respondents further aver that the only interest and sinking or bond funds owned, held and controlled by them or deposited in their legally constituted depositories are as follows, to-wit:

Deposit in the I. & S. Fund, Central Farmers' Trust Company $23.07

Deposit in the I. & S. Fund, Florida Bank & Trust Co. 491.09

Deposit in the West Palm Beach Atlantic National Bank, I. & S. Fund 7,341.23

''Respondents further allege that Fund No. 3 as set forth above is a portion of the fund deposited in the said West Palm Beach Atlantic National Bank prior to January 1st, 1932, for the purpose of meeting commitments of the Lake Worth Inlet District on such date and represents such portion of such fund as had not as of July 1st, 1932, been called for by the owners and holders of bond and coupons due January 1st, 1932.''

A demurrer to the return was sustained and the return was amended to show that the trust referred to in the return was being carried out. The amendment to the re-

turn also avers that "the respondents do not have on hand at the present time any funds applicable to the payments of relator's valid claim except as set forth in paragraph numbered six of the original return."

The relator moved for a peremptory writ.

Upon such motion for a peremptory writ the circuit court adjudged "that as appears by said return as amended the respondents have collected an amount in excess of the sums involved herein for the payment of the coupons described in Relator's petition for Alternative Writ of Mandamus and that the Alternative Writ of Mandamus heretofore issued in said cause should therefore be made peremptory; and the Court being fully advised in the premises;

"IT IS THEREUPON CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Alternative Writ of Mandamus in the above entitled cause be and the same is hereby made peremptory;

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the Clerk of this Court issue in the manner and form required by law a Peremptory Writ of Mandamus herein pursuant to the command of the Alternative Writ of Mandamus commanding and requiring the respondents, A. S. Anderson, Harry R. Corwin and William A. Weihe, as and constituting the Board of Commissioners of the Lake Worth Inlet District of Palm Beach County, Florida, and William A. Weihe, as Treasurer of the Board of Commissioners of Lake Worth Inlet District and their successors in office forthwith and without undue delay to pay to the Relator from and out of the funds of said Lake Worth Inlet District the amounts now due upon the past due interest coupons of the Relator aggregating the sum of $7,205.00 described in paragraph 4 of said Al-

ternative Writ of Mandamus issued herein upon the surrender by the Relator of said interest coupons; etc.''

A writ of error was taken to this Court.

It appears from the judgment that the interest coupons referred to in the alternative writ as being due July 1, 1932, upon the bonds of the district held by the relator, amount to the sum of $7,205.00; and it appears from the return of the respondents that ''the only interest and sinking or bond funds owned, held and controlled by them or deposited in their legally constituted depositories are'' in different depositories, viz: $23.07, $491.09, $7,341.23.

These amounts being in hand exceed the amount of the relator's coupons due July 1, 1932. Even if the last item, $7,341.23, is as averred, ''a portion of the fund deposited * * * prior to January 1, 1932, for the purpose of meeting commitments of the Lake Worth Inlet District on such date and represents such portion of such fund as had not as of July 1, 1932, been called for by the owners and holders of bond and coupons due January 1, 1932,'' such sum is available to pay the coupons covered by this action. The mere non-presentation for payment of interest coupons due January 1, 1932, does not make inapplicable to the July, 1932, coupons the fund that was applicable to the payment of the January coupons, but not demanded by or paid to the coupon holders.

It is not necessary or proper to here discuss the validity or invalidity of the trust referred to in the return of the respondents or the proper procedure to test the validity of such trust, should it be challenged.

The judgment awarding a peremptory writ of mandamus is affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND BROWN, J., concur in the opinion and judgment.