A. S. ANDERSEN, et al., *Plaintiffs in Error*, vs. STATE OF FLORIDA, ex rel. WILLIAM H. STIRK, *Defendant in Error*.
143 So. 777.
Opinion filed October 8, 1932.

*W. T. Gibson* and *Francis B. Winthrop*, for Plaintiffs in Error;

*Winters, Foskett & Wilcox*, for Defendant in Error.

PER CURIAM.—The facts are similar, and the principles of law stated in the case of Andersen, et al., v. State ex rel. Bauer, heretofore decided in the foregoing opinion, 143 So. 775, are controlling in this case. But as the amounts commanded to be paid to the relator in this case, exceeds the amounts the respondents aver they have on hand and under their control, with which to make the commanded payment, the final order granting the peremptory writ herein must be reversed. The effect of the trust referred to in the return of the respondents, purporting to confer rights upon third persons in certain funds, cannot be determined in mandamus. See State of Florida ex rel. v. Trustees I. I. Fund, 20 Fla. 402; State ex rel. Sunday v. Richards, 50 Fla. 284, 39 So. 152; State ex rel. McKinnon v. Wolfe, 58 Fla. 523, 50 So. 511.

Reversed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND BROWN, J.J., concur.

DAVIS, J., concurs specially.

DAVIS, J. (Concurring).—The return was that the respondents, Lake Worth Inlet District Commissioners, had collected from taxation for payment of bonds of the District, the sum of $45,584.05. But the return also shows that this sum of money was deposited with the West Palm Beach Atlantic National Bank as a trust fund to be disbursed by that bank *pro rata* to all bond holders on a basis of 35%.

The view entertained by Judge Chillingworth of the Circuit Court, as expressed in his order sustaining relator's demurrer to the return, was that "From aught that appears on the return, the arrangement for the payment of part of the debt obligation has not been carried out, and consequently the funds may be withdrawn, or the instructions revoked by the respondents at any time. It therefore appears that, in contemplation of law, the respondents actually have on hand sufficient funds applicable to the payment of relator's valid claim, in order to pay the same, hence they should be paid." On such holding a peremptory writ was ordered to issue requiring the respondents without undue delay to pay from and out of the funds of the Lake Worth Inlet District the amount due upon relator's interest coupons aggregating the sum of $12,567.50 upon surrender of said coupons.

The effect of the holding of the Circuit Judge is to declare void the arrangement attempted by the Commissioners of the District with the Bank which was made their depository of the alleged $45,584.05 trust fund. The alleged trustee is not a party to this proceeding, nor would it be protected against claims and suits asserted against it on account of its attempted acceptance of the

trust, should it allow the so-called trust fund to be taken back by the District. Neither is it clear that the bank would honor a request for withdrawal of the trust fund in order to comply with the peremptory writ of mandamus which the Circuit Judge ordered. And if the bank refused, the Commissioners might be held in contempt because of their inability to make the payment which the peremptory writ requires to be made out of funds which the bank may, or may not, deliver back to them on their demand.

Banks are made by law public depositories of money and are public fiscal agents. The bank was not made a party to the alternative writ as it possibly might have been, for the purpose of requiring it to return to the District the fund alleged to have been illegally placed with it on trust. Without the bank being made a party, or some showing that the bank would return the money, I think the Circuit Judge was in error in awarding a peremptory writ, the only return to which is that of obedience, which presupposes some finding by the Court that obedience is practicable when the respondents deny that it is.

In every case where there is no clear legal right shown, nor clear duty demonstrated, a peremptory writ should be denied (Leatherman vs. Schwab, 98 Fla. 885, 124 Sou. Rep. 459), and this is also true when the right asserted is doubtful as it is in this case on this particular record. State v. Gray, 92 Fla. 1123, 111 Sou. Rep. 242.