STATE *ex rel.* GEORGE BUSH v. J. S. SIMPSON, *et al.*

150 So. 800.
En Banc.
Opinion Filed November 10, 1933.

*Hull, Landis & Whitehair,* for Relator;
*M. A. Coogler,* for Respondents.

BUFORD, J.—Alternative writ of mandamus issued herein to the Respondents requiring them to immediately convene and revise their estimate of expenses (annual county budget for the fiscal year 1933-1934) so as to include therein an appropriation item sufficient to pay the past due interest and

the interest which will mature prior to October 1, 1934, upon the outstanding bonds of the issue of bonds described in paragraph 2 of the alternative writ and appropriation of a sum sufficient to meet the amount annually required to. be raised as a sinking fund, to meet the principal of the said bonds and to levy a tax for the year 1933 upon all the taxable property in Hernando County sufficient to assure the payment of all past due interest and interest which will mature prior to October 1, 1934, upon all the outstanding bonds described in paragraph 2 of the writ and sufficient to meet the amount annually .required to be raised as a sinking fund to meet the principal of the said bonds. And the writ required the Tax Assessor, one of the Respondents, as Tax Assessor, to assess, enter, calculate and carry out said taxes so levied on the 1933 assessment roll of Hernando County, Florida, and further commanded the Clerk of the Circuit Court, as Ex Officio Clerk of the Board of County Commissioners of Hernando County to execute and certify all papers, certificates and resolutions which he is required by law to execute and certify in the performance of the duties required by the writ, etc., or to show cause why same should not be done.

Return was filed by the respondents, Simpson, Skinner, Ayers, Bean and Harville as and constituting the Board of County Commissioners of Hernando County. No return has been filed by the other respondents named.

Motion was filed for peremptory writ of mandamus, notwithstanding the return, and the cause is before us on this motion.

The return should be held insufficient and the peremptory writ should be issued on authority of the opinions and judgments of this Court in the following cases: Columbia County Commissioners v. King, 13 Fla. 451; State v.

Lehman, 100 Fla. 1313, 131 Sou. 533; Rountree v. State, 102 Fla. 246, 135 Sou. 888; State v. Baskin, 102 Fla. 329, 136 Sou. 262; Little River Bank & Trust Co. v. Johnson, 102 Fla. 828, 136 Sou. 452. It is so ordered.

Let peremptory writ issue.

Davis, C. J., and Terrell, J. J., concur.

Ellis and Brown, J. J., dissent.

Ellis, J. (dissenting).—I think the answer presents a question of fact that must be met and there is a question whether any duty is required of county commissioners to levy a tax in any one year to cover past defaults in tax payments.