## OKLAHOMA UTILITIES CO. et al. v. CITY of HOMINY et al.

## CITY OF HOMINY et al. v. OKLAHOMA UTILITIES CO. et al.

Nos. 24571, 24238. April 3, 1934.

Rehearing Denied April 24, 1934.

Leander Hall, for City of Hominy and C. Edgar Honnold.

N. E. McNeill and Miles & O'Brien, for Oklahoma Utilities Company and Earl Burton.

OSBORN, J. The Oklahoma Utilities Company and Earl Burton, hereinafter referred to as plaintiffs, filed this action in the district court of Osage county against the city of Hominy and C. Edgar Honnold, hereinafter referred to as defendants, wherein it was sought to enjoin the issuance of certain bonds voted by the city for the purchase of a municipal light plant. The court enjoined the issuance and sale of the bonds upon one of the grounds urged by plaintiffs, but found against plaintiffs on the other grounds. Both parties have appealed to this court, and the appeals have been consolidated by appropriate order.

The contentions of plaintiffs are as follows:

"(1) The ordinance and proclamation for the election are not in accordance with section 5929, O. S. 1931, requiring bonds to mature in equal annual installments within not less than three, nor more than five, years from the date of said bonds, and said ordinance and proclamation are, therefore, illegal and void.

"(2) The advertisement for sale of the bonds was so misleading, the same did not constitute a legal advertisement for sale of bonds.

"(3) The city has not provided for the revenue necessary for payment of the initial interest payment nor for the creating of a sinking fund as required by law, and the delivery of the bonds should be enjoined, and,

"(4) The bonds provide for the payment of interest semi-annually and not annually, and at a greater rate of interest than 6 per cent., and are therefore illegal and void, as not complying with the ordinance and proclamation of election."

The trial court found against plaintiffs on the first three propositions, but found against defendants on the fourth.

Considering the first contention, section 5929, O. S. 1931, provides:

"Whenever any municipal corporation, or political subdivision, of the state of Oklahoma, shall vote any bonds or issue any funding or refunding bonds, such bonds shall be made to mature in annual installments, beginning not less than three or more than five years after their date. Such installments shall be in equal amounts of $100, $500, or $1,000, except that the last maturing installment may be for such sum less than two installments, as will complete the full issue of such bonds, notwithstanding the necessity of varying the amount thereof to complete the same."

The ordinance in question provides:

"Shall the city of Hominy, state of Oklahoma, incur an indebtedness by issuing its negotiable coupon bonds in the sum of $150,-000 Dollars, to provide funds for the pur-

pose of purchasing a site, constructing or acquiring an electric light and power plant and distributing system, to be owned exclusively by said city, and levy and collect an annual tax, in addition to all other taxes, upon all of the taxable property in said city sufficient to pay the interest on said bonds as it falls due, and also constitute a sinking fund for the payment of the principal thereof when due, said bonds to bear interest at not to exceed the rate of 6 per centum per annum payable annually, and to become due serially within 15 years from their date."

The precise issue presented is whether or not the ordinance and proclamation must contain the dates of the maturities of the bonds. Defendants contend that the law in force when a contract is made becomes a part of the contract, and under the terms of section 5929, supra, the bonds must mature serially in equal annual installments, and that neither the Constitution nor the statutes require a determination by the people of the dates of maturity of the bonds, but said bond maturities must be fixed by the city officials. Defendants rely upon the rule announced in the case of Mayberry v. Gaddis, 88 Okla. 286, 213 P. 316, which is as follows:

"A ballot providing 'Shall the board of county commissioners issue negotiable coupon bonds of Washington county, Oklahoma, in the sum of $675,000 to mature within 25 years from date thereof, bearing interest at the rate of not to exceed six per centum per annum, payable semi-annually, for the purpose of building and constructing a permanent state road,' is in substantial compliance with the provisions of section 1, chapter 95, Session Laws 1921. and section 7622, Revised Laws 1910, as to the length of time the bonds are to run and the rate of interest they shall bear."

Plaintiffs argue that the above case is not controlling, since it was decided February 6, 1923, and section 5929, supra (being section 1, ch. 22, S. L. 1927), did not become effective until March 29, 1927, so that the provisions of section 5929, supra, were not considered in said decision. There would be some merit in plaintiffs' contention, if any of the provisions of section 5929, supra, either directly or by necessary implication, required that the dates of maturities of the bonds be submitted to the people. Since there is no such provision, we find no cause or reason for overturning the established rule, which has been relied upon by the various municipalities of the state in dealing with many bond issues in the past. In the case of Clark v. City of Los Angeles, 160 Cal. 30, 116 P. 722, it is said:

"A proposition to issue bonds to establish municipal electric works need not state when the bonds will mature."

The reasoning of the court in that case is appropriate herein, since the court found that there was nothing in the Constitution or in the statutes of California which required the time of maturity of the bonds to be decided by the vote of the people, and we find nothing in our Constitution or statutes making such requirement. See, also, Schooley v. City of Chehalis, 84 Wash. 667, 147 P. 410. The above case distinguishes the rule previously announced by said court in the case of Hansard v. Green, 54 Wash. 165, 103 P. 40, 24 L. R. A. (N. S.) 1273, and which is relied upon by plaintiffs.

In line with the above authorities, it is apparent that there was no error on the part of the trial court in holding that the ordinance and proclamation sufficiently complied with the law in that respect.

In plaintiffs' second proposition the sufficiency of the notice of the sale of the bonds is attacked.

It is noted that the notice failed to set forth the date of maturity of the first installment of bonds. No detriment or damage is shown either to the city or to the bond buyers by this irregularity. It is pointed out by defendants that at a previous attempted sale of the bonds, which had been properly advertised, there were two bidders, and at the subsequent sale had on the notice herein there were three bidders for the bonds. Plaintiffs' position in this regard is purely technical and without merit.

Plaintiffs' third proposition relates to the necessity for a tax levy for the creation of revenue necessary for payment of the initial interest payment and the creation of a sinking fund for the payment of said bonds. Defendants take the position that, since the bonds have not been sold and delivered, they should not be included with the bonded indebtedness of the municipality in determining the rate of ad valorem taxation for sinking fund purposes. This position finds ample support in the case of Protest of Bledsoe, 161 Okla. 227, 17 P. (2d) 979. In the instant case the delivery of the bonds has been enjoined, and since no tax levy is necessary until the bonds become legal outstanding obligations of the city in the hands of the purchasers for value. there is now no necessity for the creation of a sinking fund or of any provision for payment of interest.

With reference to the fourth proposition,

the position of the parties is reversed. The trial court held that, in consideration of the terms of the ordinance and the election proclamation, the city council was authorized to issue bonds at 6 per cent. interest, payable annually, but was without authority to issue said bonds at 6 per cent. interest, payable semi-annually. From this ruling defendants have appealed, and plaintiffs seek to establish the position taken by the trial court. Both the parties rely upon certain California cases. The plaintiffs contend that the rule announced in Skinner v. City of Santa Rosa, 107 Cal. 464, 40 P. 742, is controlling herein. In that case a city ordinance provided for the issuance of bonds with interest at 4 per cent., payable "annually," and the notice of election stated that the interest would be payable annually at the office of the city treasurer. After the election was held, another ordinance was passed providing that the bonds would bear interest at 4 per cent., payable "semiannually." The court held that the bonds were invalid, since they did not conform to the ordinance or to the notice of election. The defendants contend that said case was overruled in Murphy v. City of San Luis Obispo (Cal.) 48 P. 974. In this connection, it is necessary to refer to a still later case, that of Federal Construction Co. v. Wolfson, 186 Cal. 267, 199 P. 512, 29 A. L. R. 1098. In that case the rule is announced as follows:

"Requiring payment of interest on deferred payments of assessments for public improvements semi-annually, at the rate specified in the statute, does not violate a statutory declaration that the interest shall be at a certain rate per annum."

In the body of the opinion is found the following discussion:

"* * * In Skinner v. Santa Rosa, 107 Cal. 464, 40 P. 742, the court was addressing itself to a situation where the election notice under which the bonds were issued provided that 'each bond shall have attached thereto a separate coupon for the interest for every year that such bond has to run, and each of said coupons shall be made therein payable, and shall be payable. at the office of the city treasurer * * * on the first Monday of December of the year for the interest whereof it is given.' * * *

"In Derby v. Modesto, 104 Cal. 515, 38 P. 900. it was held that the power to require the payment of interest semi-annually was included in the power to fix the rate of interest. It does not follow, however, that the requirement that interest be paid semiannually is necessarily the exercise of the power to fix the rate of interest, rather than the power to fix the terms of payment. This view finds support in Murphy v. San Luis

Obispo, 119 Cal. 624, 39 L. R. A. 444, 51 P. 1085, concerning a municipal bond election held under the same statute (Stat. 1889, p. 399, as amended; Stat. 1891, p. 94; Stat. 1893, p. 61) as was the bond election involved in Skinner v. Santa Rosa, 107 Cal. 464, 29 L. R. A. 512, 40 P. 742. It was there said that it was unnecessary to state in the election notice whether the interest was payable annually or semi-annually, and that the statement in the election notice that 'the rate of interest to be paid on said bonds will be 5 per cent. per annum' is a sufficient compliance with the statutory requirement that the election notice state 'the rate of interest to be paid,' and declares that the statute '* * * makes no requirement with reference to the publication of the times at which the interest is payable.'

"If the requirement that the interest be paid semi-annually or quarterly increases the rate of interest over an annual rate, as declared in Skinner v. Santa Rosa, supra, the election notice could not state the 'rate of interest' without stating the time of its payment, whether annually, semi-annually, or quarterly. It was for this reason, no doubt, that the Chief Justice pointed out in his concurring opinion that this case overruled Skinner v. Santa Rosa, 119 Cal. 634, 39 L. R. A. 444, 51 P. 1089, supra, as is also claimed in Carlson v. Helena, 39 Mont. 82, 102 P. 39, 17 Ann. Cas. 1233. But the statement in Murphy v. San Luis Obispo, supra, is dictum in view of the holding that 'the ordinance herein stated in sufficient terms that the interest was to be paid annually.' * * *"

We think the above is a fair statement of the law, and, in this connection, it is noted that the ordinance involved herein specifically provides "said bonds to bear interest not to exceed the rate of 6 per centum per annum payable annually." In the case of City of North Sacramento v. Irwin (Cal. App.) 271 P. 788, it is said:

"* * * As said in Skinner v. City of Santa Rosa, 107 Cal. 464, 40 P. 742, 29 L. R. A. 512: 'Particulars were inserted in the submission which the statute did not require to be submitted; but these particulars having been submitted, the vote authorizing the indebtedness to be incurred imports the particulars named as the conditions upon which that assent has been given, and hence no one can say that without these favorable conditions the result of the election would have authorized the indebtedness to be incurred'."

The reasoning of the above case is supported by Mayberry v. Gaddis, supra, and Wentz v. Ingenthorn, 146 Okla. 165, 294 P. 154.

Under our procedure, it may not have been necessary to submit to the voters whether the interest should be paid annually

or semi-annually. However, said question was submitted, and the edict of the voters was that interest should be payable annually. If the proposition had not been submitted, the rule announced in Federal Construction Co. v. Wolfson. supra, would be applicable to this situation. We think it is well settled that a provision merely fixing the rate of interest per annum would allow the city officials, in the absence of statute, to exercise their discretion in making the interest payable annually, semi-annually, or quarterly. Note, 29 A. L. R. 1109.

We call attention, however, to the provisions of section 5930, O. S. 1931 (sec. 2, ch. 22, S. L. 1927), as follows:

"All bonds shall be sold to the bidder who will pay therefor par and accrued interest, and who shall stipulate in his bid the lowest rate of interest which such bonds shall bear."

The effect of this provision is to vest in the governing officials authority to fix the rate of interest at a sum less than the maximum amount authorized by the statute, ordinance, and proclamation. But in the case under consideration the question of fixing a smaller rate of interest is not involved.

The judgment of the trial court is affirmed.

CULLISON. V. C. J.. and SWINDALL, ANDREWS. BAYLESS. and BUSBY. JJ., concur. RILEY. C. J.. and WELCH, J., absent. McNEILL, J., not participating.