STATE, *ex rel.* C. S. MOTT, v. W. C. VICKERS, Chairman Board County Comrs. Charlotte County, *et al.*

156 So. 906.

Division A.

Opinion Filed October 8, 1934.

*Hull, Landis & Whitehair, Vocelle & Mitchell* and *H. A. Lasseter,* for Relator;

*Earl D. Farr,* for Respondents.

PER CURIAM.—For an earlier phase of this litigation see State *ex rel.* Gillespie v. Vickers, 110 Fla. 157, 148 Sou. Rep. 526, wherein the original alternative writ was ordered quashed with leave to file an amended writ. Certain county officers named as respondents were changed in the interim so the amended alternative writ was addressed to the officials now in office in lieu of the respondents first named.

Relator brings his amended writ to collect court house bond interest coupons matured and unpaid amounting to $17,460.00 in the aggregate. Chapter 10409, Acts 1925, Laws of Florida, under which the bonds with attached interest coupons were issued, mandatorily requires the *annual* levy of sufficient taxes to pay the interest on all of the bonds issued under that Act as well as to provide a sinking fund for the payment of the principal. Respondents made a levy of taxes sufficient to raise for the year 1932 only $1416.00. The amount required to be raised to pay relator's interest coupons alone, not computing anything for the sink-

ing fund requirement, was $17,460.00. The command of the amended writ is now limited to requiring a levy to be made only as an omitted tax for the fiscal year 1932, sufficient to pay the relator's interest coupons. This must be done by placing same in the 1934 budget and making a present special levy to cover it. State *ex rel* Bush v. Simpson, 112 Fla. 627, 150 Sou. Rep. 800; State *ex rel*. Supreme Forest Woodmen Circle v. Snow, 113 Fla. 241, 151 Sou. Rep. 393; State *es rel*. Gillespie v. County of Bay, 12 Fla. 687, 151 Sou. Rep. 10; State *ex rel*. Rempsew v. Smith 105 Fla. 368, 141 Sou. Rep. 318.

The return filed by the respondents to the amended alternative writ of mandamus neither denies the breach of duty complained of, nor sufficiently confesses or avoids it. Since the claim is for the currently unpaid contract interest only, the courts have no judicial power to rewrite the contract for the parties by ordering a "spread" of the taxes required by statute to be raised annually to pay the interest contracted for by the county when it issued its court house bonds under Chapter 10409, Acts 1925, so providing.

Peremptory writ awarded.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J. and BROWN and BUFORD, J. J., concur in the opinion and judgment.