THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF DADE, STATE OF FLORIDA, a corporation, *et al.,* v. STATE, *ex rel.* TANGER INVESTMENT COMPANY, a Corp.

163 So. 694.

Opinion Filed October 11, 1935.

Rehearing Denied November 3, 1935.

*Peters & Kemp,* for Plaintiffs in Error;

*Julian E. Ross* and *George W. English, Jr.,* for Defendant in Error.

PER CURIAM.—Writ of error is to a judgment in favor of defendant in error against plaintiffs in error and the named respondents constituting the Board of Public Instruction of Dade County, Florida, commanding them to execute and sign such warrant or warrants and do everything necessary and proper to accomplish the purpose of paying certain coupons described in the peremptory writ and to perform all duties devolved by law upon them in connection with the payment of relator's coupons described therein, which was entered on motion for peremptory writ, the respondents return to the contrary notwithstanding.

The alternative writ shows that the bonds were issued pursuant to the requirements of the several statutes in that regard and that by validation decree rendered May 25, 1925, the bonds to which the coupons in question were attached were validated by order of the Circuit Court of Dade County, Florida, and that the entry of such decree was noted by endorsement of the Clerk of the Circuit Court upon each of said bonds.

The return of the respondents is as follows:

"For their answer and return to the Alternative Writ of mandamus issued in this cause, say that prior to the issuance of any of Relator's bonds mentioned and described in said Alternative Writ no election was held in said Special Tax District No. 2 of Dade County, Florida, wherein a majority of the qualified electors of said District, who were freeholders, voted in favor of the issuance of said bonds.

"And for further return to said Alternative Writ of Mandamus, these Respondents say that prior to the issuance of Relator's said bonds mentioned and described in said Alternative Writ no election was held in Special Tax School District No. 2, of Dade County, Florida, wherein a majority of the votes cast were for the issuance of said bonds.

"And for further return to said Alternative Writ of Mandamus, and by way of special traverse, these respondents deny that any of said bonds mentioned and described in said Alternative Writ were issued after all acts, conditions and things required to exist, happen or be performed had existed, happened and been performed in due time and manner as required by law.

"WHEREFORE, Respondents pray that said Alternative Writ be discharged and said cause dismissed."

The Return was insufficient in the face of allegation of the Alternative Writ that the bonds had been validated by a decree of the Circuit Court of Dade County, Florida, prior to the issuance thereof.

The judgment is without error and should be affirmed.

It is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BUFORD, and DAVIS, J. J., concur.

BROWN, J., dissents.