STATE, *ex rel.* J. W. FIELDHOUSE, v. E. G. SEWELL, as Mayor of the City of Miami, E. G. SEWELL, CLIFF H. REEDER, *et al.,* as and constituting the City Commission of said City; L. L. Lee as City Manager, etc., *et al.*

171 So. 298.

Division B.

Opinion Filed December 11, 1936.

*Batchelor, Rinehart & Dyer,* for Plaintiff in Error;

*J. W. Watson, Jr.,* and *Mitchell D. Price & Charles W. Zaring,* for Defendants in Error.

BUFORD, J.—The writ of error brings for review judgment entered on demurrer sustained to an alternative writ of mandamus as amended.

The original alternative writ of mandamus was filed February 20, 1934. It was amended August 6, 1934. The purpose of the writ was to enforce the levy of the tax sufficient to pay fifteen bonds in the sum of $1,000.00 each which matured on the first day of February, 1933, together with interest thereon at 5% per annum from date of maturity.

The amended alternative writ commanded the Respondents to "forthwith and without undue delay to convene and by proper resolution or resolutions to provide for the levy of a tax to be assessed against all property, real and personal, situate in the City of Miami, assessable for taxes, sufficient to pay the amount due Relator on said bonds, principal and interest, and that you, Respondents E. G. Sewell, as Mayor, and Harold E. Ross as City Clerk of

said City, and your respective successors in office, sign such resolution or resolutions as are required to be passed, as aforesaid, in accordance with law; that you, Respondent Alvin E. Fuller, as Director of Finance of said City, and your successor in office, and that you, the Respondent, L. L. Lee, as City Manager, and your successor in office, and that all of you, the above respondents, take all such other action as may be required for the carrying out of the above command; or that you severally show cause on the 27th day of August, A. D. 1934, why a peremptory writ should not issue from this Court commanding same to be done; AND HAVE YOU THEN AND THERE THIS WRIT."

Demurrer was filed to the writ as amended. The demurrer was sustained. The Court did not indicate the grounds upon which the demurrer was sustained. Grounds 6, 8, 9, 10 and 11 need not be considered because they could not properly apply to the amended alternative writ. Grounds 1, 2, 3, 4, 5 and 7 were as follows:

"1. The bonds described in the alternative writ of mandamus are each and all shown to be past due and the City Commissioners are required under said alternative writ as amended to provide for the levy of a tax to be assessed against all property, real and personal, situated in the City of Miami assessable for taxes sufficient to pay the amount due the relator on said bonds as principal and interest, and the charter of the City of Miami does not authorize the City Commissioners to provide for the levying or the City officials to levy a tax upon property, real and personal, situated within the City of Miami, Florida, for the purpose of paying past due bonds.

"2. Because all past due bonds are payable out of a sinking fund which was established or should have been established under the law at the time the bonds were issued and

sold and are not payable when such bonds are past due, by moneys raised by direct taxation upon real or personal property.

"3. Because the alternative writ of mandamus as amended does not direct or instruct the City Commissioners to make a levy or assess a tax for any particular year and is therefore so vague, indefinite, uncertain and insufficient as to be unenforceable.

"4. Because said alternative writ of mandamus as amended requires the Commissioners to meet without 'undue, delay' and by proper resolution or resolutions to provide for the levy of a tax to be assessed against all property, real and personal, situated in the City of Miami, and because under the law the City Commissioners cannot at this time make a tax .assessment either for the year 1934 or for the year 1935 and therefore said writ commands performance of an impossible act.

"5. Because the writ of mandamus as amended cannot be obeyed until after the termination of the year 1934.

"7. Because it clearly appears from the alternative writ of mandamus as amended that the relator is not entitled to have the writ issued in this cause enforced in its entirety."

There are three assignments of error, the first of which was predicated upon the action of the court in sustaining the demurrer to the original alternative writ. This assignment was abandoned. The second and third assignments of error are as follows:

"The Court erred in its ruling sustaining the Respondent's Demurrer to the Relator's Alternative Writ of Mandamus as Amended (see Order of Court filed November 20, 1934), and recorded in Circuit Court Minute Book 86, page 267).

"The Court erred in its Ruling whereby final judgment

was rendered in favor of the Respondents against the Relator (See Order of Court dated April 24, 1935, filed April 26, 1935, and recorded in Circuit Court Minute Book 88, page 478)."

If the Court was correct in sustaining Respondent's Demurrer to the Relator's alternative writ of mandamus as amended, then it was correct in entering the judgment. If the demurrer was not properly sustained the judgment must be reversed. So we need consider only one question and that is whether or not the demurrer was properly sustained. It is the contention of the defendant in error that the demurrer was properly sustained, first because the City should not be required by mandamus to levy a tax in one year to pay these bonds when the statute under which the bonds were issued required an annual tax to be levied sufficient to create a sinking fund for the payment of the bonds. This contention is not well taken. See State, *ex rel.*, v. Snow, 113 Fla. 241, 151 Sou. 393, and cases there cited. Also see Treat v. State, 118 Fla. 899, 160 Sou. 498.

On authority of the opinions and judgments above cited, the grounds numbered 1 and 2 of the demurrer should have been overruled. In those cases the principle is established that,

"A definite breach of legal duty to pay, or to adequately provide for payment, *on the part of a municipality as the obligor on municipal bonds sued on,* gives rise to a legal right on the part of an injured creditor to institute a proceeding in mandamus for the purpose of having all necessary due and lawful action taken by the municipality that the circumstances may demand in order to completely cure the breach of legal duty on the part of the city and its officials, which breach of duty may be a failure to seasonably

provide for payment as well as a failure to pay." Treat, *et al.,* v. State, 118 Fla. 899, 160 Sou. 498.

Ground 3 of the Demurrer was properly sustained because the command of the writ is vague and indefinite in that it does not designate the tax roll or the year upon and for which the levy and assessment shall be made. It is an elementary rule in mandamus proceedings that every allegation and every command of the writ must be definite and certain.

The same observation applies to grounds 4 and 5.

Ground 7 challenges the sufficiency of the allegations of the writ and the command thereof because the command cannot be enforced in its entirety. The command of the writ, as seen by reference heretofore quoted, requires the municipal officials to 'forthwith and without undue delay to convene and by proper resolution or resolutions to provide for the levy of a tax to be assessed against all property, real and personal, situate in the City of Miami assessable for taxes sufficient for amount due to pay Relator on his said bonds principal and interest."

There are no allegations contained in the alternative writ as amended which show any power or authority of the municipal authorities to levy or assess a tax to procure funds with which to pay interest accruing on bonds after maturity. In the bonds, copies of which are attached to and made a part of the alternative writ, there appears to be no promise to pay interest after maturity and the statute under which the bonds were issued does not appear to require the payment of interest on the bonds after maturity. Therefore, the interest, the payment of which is sought to be provided for, is an item not within the contract and may not be enforced by mandamus. The law requires the municipal authorities to levy and assess sufficient tax to pay

the interest on the bonds from the date of issuance to maturity but it does not authorize the levy of a tax to pay interest on the bonds after maturity and as the Municipal authorities are circumscribed by the authority granted in the statute in this regard, they cannot be compelled by mandamus to do that which the statute has not required them to do. It must appear as a prerequisite to the issuance of the writ of mandamus that the Relator has a clear legal right to the performance by Respondent of the particular duty in question. State v. Gray, 92 Fla. 1123, 111 So. 242; State v. Florida East Coast R. Co., 69 Fla. 165, 67 So. 906; Merchants Broom Co. v. Butler, 70 Fla. 397, 70 So. 383; Leatherman v. Schwab, 98 Fla. 885, 124 So. 459; State v. Greer, 88 Fla. 249, 102 So. 739, 37 A. L. R. 1298; Welch v. State, 85 Fla. 254, 95 So. 751; Myers v. State, 81 Fla. 32, 87 So. 80; Johns v. County Com'rs., 28 Fla. 626, 10 So. 96; Davis v. Crawford, 95 Fla. 438, 116 So. 41; State v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 So. 213, 13 L. R. A. (N. S.) 320, 12 Ann. Cas. 359; State v. Amos, 100 Fla. 1335, 131 So. 122.

It, therefore, appears that the alternative writ is too broad and embraces requirements which cannot be enforced. It is well settled that a peremptory writ of mandamus will not be granted upon the return of an alternative writ unless the Respondents may be required to do all that is required by the alternative writ. State v. Thursby, 104 Fla. 103, 139 So. 372; State v. Gibbs, 13 Fla. 55; State v. Atlantic Coast Line R. Co., 53 Fla. 650, 44 So. 213; Tampa Water Works Co. v. State, 77 Fla. 705, 82 So. 230.

For the reasons stated, the judgment should be affirmed. It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

506

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.