STATE, *ex rel.* FLORIDA NATIONAL BANK AT ST. PETERSBURG, v. BOARD OF PUBLIC INSTRUCTION OF PINELLAS COUNTY; B. G. LAWRENCE, ALDRED P. MARSHALL and GRANVILLE NOBLIT, as and constituting the BOARD OF PUBLIC INSTRUCTION OF PINELLAS COUNTY, *et al.*

171 So. 303.

Oinion Filed December 11, 1936.

*W. B. Dickinson,* for Relator;

*Hull, Landis & Whitehair* and *Kelly & Casler,* for Respondents.

PER CURIAM.—The amended alternative writ of mandamus in this case brought to compel the respondents, Board of Public Instruction of Pinellas County and the Trustees of Special Tax School District No. 3 of said county to jointly cause payment to be made to relator of the interest coupons described in the alternative writ is in conformity to the writs approved and enforced by this Court in the following cases: Jukes v. State, *ex rel.* Allen, 123 Fla. 260, 166 Sou. Rep. 552; Board of Public Instruction v. State, *ex rel.* Tanger Inv. Co., 121 Fla. 176, 163 Sou. Rep. 694; State, *ex rel.* Supreme Forest Woodmen Circle v. Snow, 113 Fla. 241, 151 Sou. Rep. 393, and therefore the demurrer and motion to quash the same are severally overruled, with leave to respondents to make further return herein within ten days, in default of which further return, final judgment is directed to be entered awarding relator a peremptory writ of mandamus to conform to the alternative writ of mandamus as amended.

So ordered.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents.

Brown, J. (dissenting).—The alternative writ as amended seeks to compel the respondents composing the Board of Public Instruction of Pinellas County, Florida, together with the respondents composing the Board of Trustees of Special Tax School District No. 3, jointly to cause payment to the relator of the interest coupons described in the amended writ. Under our statutes the Board of Trustees of a special tax school district have no control over funds that might be levied or collected for the payment of interest and principal of bonds issued by said district. The bonds and interest thereon are the obligations of the Board of Public Instruction and not of the Board of District Trustees. Therefore the command of the writ is too broad in that it commands the Board of Trustees of the School District to do what they have no legal right or power to do. The two boards are separate and distinct entities and can perform only such powers and duties as are delegated to them by the constitution and statutes of the State. The relator has not shown its right to enforce the entire mandate of the amended alternative writ. Merchants Broom Co. v. Butler, 70 Fla. 397, 70 So. 383; City of Winter Haven v. State, 114 Fla. 527, 154 So. 879.

Nor has the relator in amended paragraph 8 of the writ set forth sufficient facts to show that the sum of money stated therein is available from the collection of taxes as set forth in paragraph 7 of the writ. The relator in a mandamus action must allege facts and not merely conclusions. Where, as here, it is the payment of interest coupons that the relator seeks to compel, the relator should allege specifically the existence of a fund from which it is the duty of the respondents to make payment. Not every fund is subject to the payment of bond interest coupons. Only funds derived from taxes specifically levied for the

purpose of paying bond interest, or other funds specifically set aside and appropriated for that purpose, can be so reached. The statute under authority of which the bonds were issued does not extend the right to require payment of interest beyond these limits. Babson v. City of Sebring, 155 So. 669, 115 Fla. 176. The mere allegation that "the respondents now have in their possession and under their direction and control approximately $180,000.00 of money constituting a fund for the payment of past due bond obligations including past due interest thereon of special tax school district No. 3 of Pinellas County, Florida, which said sum is amply sufficient in amount to pay all outstanding bonds and interest matured now due and owing by said district, including the past due interest coupons owned by the relator as herein set forth," is not sufficient, because it does not show from what source said alleged sum of money was derived, so that the court can decide for itself whether under the facts said sum of money does actually constitute a fund from which the relator has a right to demand payment of his interest coupons at the hand of the respondents. See State, ex rel. Hillsborough County, v. Amos, 100 Fla. 1335, 131 So. 122. The relator should point to or describe a specific sum derived from taxation for that purpose or duly set aside or appropriated for that purpose, out of which the respondents are legally obligated to pay the relator's interest coupons. This requirement is not met by the mere allegation that two separate and distinct entities of government have on hand or under their control, a certain sum which constitutes a fund for the payment of interest coupons set forth in the amended writ.

The respondents composing the board of trustees of the school district cannot personally make a return of obedience to the writ in any event for the reason that they have no

control over the disbursement or the power to disburse the funds of the special tax school district. The only return to a peremptory writ of mandamus is that of obedience, which presupposes some finding by the court that obedience is practicable and should be compelled. Anderson v. State, 106 Fla. 956, 143 So. 777.

The motion to quash the alternative writ as amended should therefore be granted.