CITY OF HIALEAH et al. v. UNITED STATES ex rel. HARRIS et al.

No. 8214.

Circuit Court of Appeals, Fifth Circuit.

Feb. 3, 1937.

Mitchell D. Price and Martin F. Whelan, Jr., both of Miami, Fla., for appellants.

Herbert S. Sawyer, of Miami, Fla., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

SIBLEY, Circuit Judge.

The defendant appellant, City of Hialeah, was sued in the District Court by persons alleging themselves to be a bondholders' protective committee and transferees and holders of past due bonds and coupons of the city. They recovered judgment, and on a return of nulla bona sued out a mandamus nisi against the city and its officers to enforce the levy of a tax to pay the judgment. The proceedings were arrested by an appeal from the judgment, which was affirmed in this court. City of Hialeah v. Harris, 83 F.(2d) 999. The mandate came down June 19, 1936. The tax year current when the mandamus nisi was taken having expired, the proceeding was on August 3d amended to refer to taxes to be levied and collected in 1936, and the judge having expressed an opinion that the tax would be too burdensome if levied in one year and ought to be spread out over seven years, such a provision was incorporated in the amendment. The amended mandamus nisi was met by a motion to quash, which was overruled, and then by an answer to which no traverse was made. The judgment rendered on August 10th was for a mandamus absolute, commanding the mayor to revise his budget estimate to include a tax for paying part of the judgment in the current year, and the council to revise its appropriation ordinance to adjust the tax rate so as to cover this payment, and to take similar action in the ensuing six years. This appeal results.

The motion to quash and the answer raise these defenses: (1) The officers are not alleged to be in default for the year 1936, but only for 1935. (2) The charter restricts the making of the budget and the appropriation ordinance to dates already past. (3) The judgment includes interest not authorized by law. (4) The city charter does not authorize taxation to pay such interest nor to pay matured bonds. (5) The plaintiffs got their bonds under a contract void for maintenance, champerty, and barratry. (6) The money is required to be paid to plaintiffs' attorneys and each month as collected.

■ 1. The default at first alleged related to the budget and appropriation ordinance for the year commencing July 1, 1935. The time for assessing and collecting taxes for that year elapsed pending the appeal. It was proper to amend the pending mandamus proceeding to adapt it to the year beginning July 1, 1936. State v. Milam, 113 Fla. 491, 153 So. 100, 125, 136. The amendment did not expressly set forth a recurrent failure and refusal to include this judgment in the tax arrangements for 1936, but that is fairly implied and is made certain by the answer. Where an intentional default in duty exists, a specific demand for performance is not a prerequisite for a mandamus. Santa Fe County Com'rs v. New Mexico ex rel. Coler, 215 U.S. 296, 30 S.Ct. 111, 54 L.Ed. 202. The pending mandamus, however, was fairly a continuing demand.

■ 2. The city charter provides: "Not later than one month before the end of each fiscal year the mayor shall prepare and submit to the city council a budget estimate, etc.," and again: "Upon receipt of the budget estimate the city council shall prepare an appropriate ordinance * * * not sooner than one week after the beginning of the fiscal year to which it is to apply, and shall pass said ordinance within four weeks after the beginning of the fiscal year." The fiscal year begins July 1st. The times thus fixed delimit duty but do not wholly exhaust authority. They are directory and designed to secure prompt and orderly action, but not to nullify belated action. If the mayor were ill or absent in June he could make the budget estimate in July or August, and the council on similar failure in their timely action could rectify the default rather than stop the financial government of the city for the year. We see no reason why, if a proper item be omitted accidentally, it could not be later added, or if omitted wilfully and wrongfully as here, could not be required to be added by the court so long as it remains practically possible to have the adjusted taxes assessed. The existence of the judgment raised the duty in the city officers to levy taxes to pay it if taxes are lawfully leviable and if there is no other means of payment. The duty is not escaped by failing promptly to comply with it. Compliance ordered August 10th was not too late, the taxes not being due and payable until November 1st, and it not appearing that the assessment roll had been prepared.

■ 3. Touching interest, the city charter authorized bonds "of such denominations bearing such rates of interest not ex-

ceeding six percent, becoming due at such time not exceeding thirty years from the date of issuance, and upon such conditions as may be prescribed by ordinance." The bonds pursuant to ordinance bore interest at 6 per cent., payable semiannually, as evidenced by coupons. No promise to pay interest after maturity is expressed. Examination of the record on which the judgment was rendered fairly shows that it includes interest on the bonds and the coupons after their maturity. There is abundant authority that making the interest at the maximum rate payable semiannually is not in excess of the authority. Myer v. Muscatine, 1 Wall. 384, 391, 17 L.Ed. 564; Federal Construction Co. v. Wolfson, 186 Cal. 267, 199 P. 512, 29 A.L.R. 1098; Oklahoma Utilities Co. v. City of Hominy, 168 Okl. 130, 31 P.(2d) 932. Nor is evidencing it by coupons an excess of authority, though coupons are not mentioned in the statute. Board of Education v. De Kay, 148 U.S. 591, 13 S.Ct. 706, 37 L.Ed. 573; Board of Public Instruction v. First Nat. Bank of Gainesville, 111 Fla. 4, 143 So. 738, 741, 149 So. 213. The validity of these bonds and coupons, moreover, had been conclusively established by validation proceedings before they were sold. Comp. Gen.Laws Fla.1927, § 5109; Sparks v. Ewing, 120 Fla. 520, 163 So. 112. Whether bonds and coupons of the city bear interest after maturity when none is expressly promised in them or in the statute authorizing them depends on the local law. That none should be allowed seems to be held in State v. Sewell, Mayor, et al. (Fla.) 171 So. 298, decided since the judgment in this case; but Jefferson County v. Lewis, 20 Fla. 980, citing Cromwell v. Sac County, 96 U.S. 51, 24 L.Ed. 681, is to the contrary. We shall not examine the question, because it is concluded here by the judgment for the recovery of the interest. The mandamus to enforce the judgment is only a form of execution resorted to because the usual process is unavailable. Riggs v. Johnson County, 6 Wall. 166, 18 L. Ed. 768; Memphis v. Brown, 97 U.S. 300, 24 L.Ed. 924; Rogers v. Keokuk, 154 U.S. 546, 14 S.Ct. 1162, 18 L.Ed. 74. It may not serve to review the judgment, which has all the qualities of res judicata. Santa Fe County Com'rs v. New Mexico ex rel. Coler, 215 U.S. 296, 30 S.Ct. 111, 54 L. Ed. 202; Chanute City v. Trader, 132 U.S. 210, 211, 214, 10 S.Ct. 67, 33 L.Ed. 345; Murphy v. Utter, 186 U.S. 95, 113, 22 S. Ct. 776, 46 L.Ed. 1070. Though a case of mandamus, State v. Sewell, supra, involved no previous judgment. Brownsville Taxing-Dist. v. Loague, 129 U.S. 493, 9 S. Ct. 327, 32 L.Ed. 780, is not to the contrary. The court there recognized the general rule, but put it aside because the applicant for mandamus had to go behind his judgment and set up special rights under his original cause of action in order to find any tax machinery. He was not seeking to enforce merely his judgment, but additional rights under the original contract.

■ 4. In like manner the question concerning illegal champerty or maintenance in the plaintiffs' title to the bonds and coupons is concluded. Although this defense was not raised in the suit on them it could have been, and therefore is lost. Cromwell v. Sac County, 94 U.S. 351, 24 L.Ed. 195. The plaintiffs, after a fair litigation, having obtained judgment, must be recognized as competent to enforce it.

■ 5. But they can enforce it by a mandamus to lay taxes only to the extent that the law authorizes taxation. The judgment establishing that the city owes money does not by itself confer any power on the city officers to levy a tax upon the citizens to pay it. U. S. ex rel. Huidekoper v. Macon County Court, 99 U.S. 582, 25 L.Ed. 331; Brownsville Taxing-Dist. v. Loague, 129 U.S. 493, 505, 9 S.Ct. 327, 32 L.Ed. 780; Carroll County v. U. S. ex rel. Reynolds, 18 Wall. 71, 21 L.Ed. 771. The city charter authorized taxes when the bonds were issued, and still does, for general purposes and "such additional taxes as may be necessary to pay the interest on bonds and other indebtedness of the city, and also to provide a sinking fund for the redemption of said bonds and the payment of said indebtedness." It is argued that while a tax could have been levied to raise a sinking fund to pay the principal of the bonds before maturity, none can be laid to pay the principal or any interest after maturity. So extraordinary a construction of the charter ought to be avoided because in itself unreasonable and because permitting the city to take advantage of its own wrong in not having provided the sinking fund. We hold rather that the fund now to be raised by special taxes to pay matured bonds is a "sinking fund," and that the judgment in which the bonds as such have been merged is an "indebtedness" to pay which the city may levy a tax.

6. The mandamus absolute directs payment to be made to the attorneys of record of the plaintiffs in the judgment. Their clients are noncitizens of Florida. By Comp.Gen.Laws Fla.1927, § 4527, payment of a judgment may be made to the attorney of record for the client, and fully acquits the payer. Such a provision is consistent with law, and is for the convenience of the tax officers. The clients are not objecting. Since the fund is a special one for the payment of this judgment, it ought to be promptly applied. There is no hardship or illegality in requiring monthly payments if there is anything on hand to be paid.

No error appearing, the judgment is affirmed.